## Felty v. Calhoon, Appellant.

*Bill of review—Attempt to review decision of Supreme Court.*

On a bill by the purchaser praying for specific performance of a contract to convey lands, the court below sustained a demurrer and dismissed the bill. On appeal, the Supreme Court reversed the decree, reinstated the bill, and ordered that a decree be entered for the plaintiff, on the demurrer. A decree having been entered for the plaintiff by the court below as directed, a petition and bill of review, subsequently filed by the defendant, that was merely the equivalent of an application to review the decision of the Supreme Court, was properly dismissed: See Felty v. Calhoon, 139 Pa. 378.

Argued Nov. 5, 1891. Appeal, No. 291, Oct. T., 1891, by defendant from an order of C. P. No. 1, Allegheny Co., Dec. T., 1888, No. 556, in equity, dismissing defendant's petition and bill of review. Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

On November 6, 1889, Levi E. Felty filed a bill in equity against D. K. Calhoon, praying for a decree for the specific performance of a written agreement for the sale of land. A demurrer to the bill was sustained by STOWE, P. J., and a final decree entered dismissing the bill. On appeal by the plaintiff, the Supreme Court on January 5, 1891, reversed the

decree of the court below, reinstated the bill, and ordered that a decree be entered for the plaintiff, on the demurrer: Felty v. Calhoon, 139 Pa. 378.

The record having been remitted, the court below on July 6, 1891, on motion of the plaintiff's attorney, appointed a surveyor to survey the parcel of land mentioned in the agreement referred to and made a part of the bill, in accordance with the construction placed upon it by the Supreme Court, and to report the same within twenty days. On July 25th, the report of the surveyor was filed, and on August 15th, a decree was entered for the plaintiff, on the demurrer, as directed by the order of the Supreme Court; and it was ordered that the defendant make and deliver a deed for the land mentioned in the agreement, with the metes and bounds therefor as in the said return of survey, the order to be complied with within thirty days.

On September 12, 1891, D. K. Calhoon, the defendant, presented a petition, entitled " The Petition and Bill of Review of Defendant," which, as summarized in his " abstract of the proceedings," averred as follows:

" 1. It is true he signed the receipt as set out in exhibit A, annexed to the bill.

" 2. That, when the agreement for the sale of said land was made, plaintiff and defendant were both on the ground and were agreed that the line extending along the front of said tract on the West Run township road, should run from the corner of land of one Drew to a point twenty feet northwardly of a fence then on the ground. That, at the time said agreement was made, defendant was unable, owing to an injury he had sustained, to make the measurement of the frontage agreed upon along the township road, and Felty, the plaintiff, stepped off the frontage on said road, and reported to defendant that from the Drew line to the point agreed upon on said road was 133 steps, which he, Felty, said would make 400 feet front on said township road. That, from the Drew line, the place of beginning, to the point agreed upon on the road, twenty feet north of the fence, was by actual measurement only 270 feet.

" 3. That the defendant would not under any circumstances have sold to Felty, or any other person, any greater frontage on said township road than that included between the points

above referred to, as the defendant has had constructed for some years on the land included within the 400 feet frontage on said township road, his barn, 40×45 feet, in which he stores his grain and hay, and stables his horses and cattle in his farming operations, on the remaining portion of defendant's farm; also all the water used by his household at his dwelling, and also at the barn for the use of his live stock, is carried by means of pipes laid under the surface of the land embraced within the frontage of the 400 feet on said road, as reported by the plan of the surveyor now on file in this case. That said barn, worth $600, and said water improvements, worth to defendant $500 per annum, would be necessarily included in the land to be conveyed to plaintiff in accordance with the plot of the surveyor and the decree of the court.

"4. That defendant was willfully and fraudulently misled and deceived by plaintiff at the time he measured the said frontage and reported it to defendant as 400 feet; and if said defendant had known the said frontage of 400 feet included the land on which his barn stood and the water pipes were laid, he would under no circumstances have sold said frontage of 400 feet.

"5. That defendant knew nothing about the fraud and deceit practiced upon him by the plaintiff, until after the judgment of the Supreme Court was entered and the survey was made under order of court, fixing the line of said tract upon the ground under said agreement. He then first discovered that the 400 feet mentioned in the agreement, extended 130 feet beyond the point marked on the ground, and this embraced the land on which said improvements had been constructed, worth to defendant in connection with this other property, $5,000. Plaintiff knew when he commenced the proceedings in this case that he never bought, nor was entitled to have the land fronting 130 feet on the township road, on which said improvements were erected, and seeks to defraud defendant.

"6. Defendant prays that the petition be filed; that the matter be referred to a master before whom the testimony may be laid; and after a report of the facts, that a decree be made fixing the frontage of said tract of land on the township road in accordance with the limits fixed by the parties on the ground when the agreement was made; and if the court should find

the frontage of said lot to be 270 feet, that then a decree be made directing the defendant to execute and deliver a deed therefor."

On September 15, 1891, after argument, the court without opinion filed, entered an order refusing the defendant's petition. Defendant appealed.

*Error assigned*, was the order dismissing defendant's petition.

*W. S. Pier*, with him *W. R. Blair*, for the appellant.— Counsel cited: 2 Daniell's Ch. Pr. 1577; George's Ap., 12 Pa. 260; Riddle's Est., 19 Pa. 431; Flower v. Lloyd, L. R. 6 Ch. D. 297.

*D. R. Jones*, for the appellee.—Counsel cited: § 11, Act of June 16, 1836, P. L. 787; Hughes's Ap., 90 Pa. 60; Felty v. Calhoon, 139 Pa. 382.

PER CURIAM, January 4, 1892.

The court below was right in dismissing appellant's petition. It was alleged to be a petition of review, and the modesty of the petitioner evidently prevented him from saying that it was an application to review a decision of this court. This the learned judge below, for obvious reasons, declined to do. The appellant is very late with his allegation that the lot was to be two hundred and seventy feet front, instead of four hundred,—a difference so palpable that no one but an imbecile could fail to see it.

The order is affirmed, and the appeal dismissed at the costs of the appellant. C.