# Carter's Estate.

*Practice, O. C.* — *Testamentary trustees* — *Accounts* — *Review after distribution—Act of October 13, 1840, P. L. 1, Sec. 1.*

1. The Act of October 13, 1840, P. L. 1, Sec. 1, conferring on the Orphans' Court authority to review the accounts of executors, administrators and guardians, and providing that such authority shall not extend to any cause when the balance has been actually paid and discharged, applies to the accounts of testamentary trustees; and a petition for the review of the account of a testamentary trustee may properly be refused on the ground that it has not been filed until after distribution.

*Wills—Appointments—Construction—Intention.*

2. In cases of doubtful construction the law leans in favor of an absolute rather than a defeasible or contingent estate.

3. Where the donee of a special power of appointment among his children or his issue bequeathed "all the residue of my father's real and personal estate over which I have the power of appointment under his said will to my only living son...... to him, his heirs and assigns......but if at the time of my death I have other children living or the issue of a deceased child living, then I give, devise and bequeath the said residue......to my children and to the issue of a deceased child......in trust, nevertheless, in all events, for a period of twenty years immediately after the date of my death that he or they may enjoy the income thereof," and at the expiration of that period gave the property to be equally divided among them, the Orphans' Court properly held that the gift in trust was to take effect only if the testator should die leaving other children or the issue of a deceased child, and this contingency not having occurred, properly awarded the residue of the estate to the son absolutely.

Argued March 23, 1916. Appeal, No. 366, Jan. T.,
1915, by Richard Champion Thomas Carter, from decree
of O. C. Philadelphia Co., Oct. T., 1878, No. 386, dismiss-
ing petition for bill of review, in Estate of William
Carter, deceased. Before MESTREZAT, POTTER, MOSCH-
ZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition for bill of review to open and revise an adju-
dication.

The opinion of the Supreme Court states the facts.

The court dismissed the petition in an opinion by
LAMORELLE, J. Richard Champion Thomas Carter ap-
pealed.

*Error assigned* was in dismissing the petition.

*I. Hazleton Mirkil,* for appellant.

*Joseph T. Bunting,* with him *Rufus B. Sprague* and
*Thomas S. Williams,* for Mary Hartwell Carter, Testa-
mentary Guardian of Hugh-William Carter, a minor, ap-
pellee.

*F. B. Bracken,* of *Loughlin & Bracken,* for Fidelity
Trust Company, Trustee Estate of William Carter, ap-
pellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

This is an appeal from the decree of the Orphans'
Court, dismissing a petition for a review of the adjudi-
cation of the account of the trustee of the estate of Wil-
liam Carter, deceased. The authority for granting a
review by the Orphans' Court is the Act of October 13,
1840, Sec. 1. It refers to the accounts of executors, ad-
ministrators and guardians, but it would seem that it
may properly be construed as including accounts of tes-
tamentary trustees. But the act contains a proviso that
it "shall not extend to any cause when the balance found

due shall have been actually paid and discharged by any executor, administrator or guardian." The opinion of the court below, and the docket entries, show that distribution had been made in accordance with the adjudication before appellant filed his petition for review. It might very well have been refused for that reason. The adjudication also shows that the question raised by the petition for review was raised and considered at the audit. Appellant is not therefore seeking a review for the purpose of presenting a question which was overlooked. It is rather in the nature of an application for a reargument. However, the court below chose to treat the petition, as in the nature of an exception to the adjudication. In so doing it gave the fullest consideration to the claim of petitioner, as possible ultimate remainderman.

The power of appointment given by William Carter to his son is as follows: "Upon trust for such of the children or issue of the said Joseph James Thomas Carter in such shares and manner as he shall by will or codicil appoint." The donee of the power, after reciting his intention to execute the power, provided: "I give, devise and bequeath all the residue of my father's real and personal estate over which I have the power of appointment under his said will, to my only living son, Hugh-William Carter, to him, his heirs and assigns." This language, standing by itself, would unquestionably vest an absolute interest in the donee's son, who is the only member of the class to which the power was restricted. But the donee goes on to say: "But if at the time of my death I have other children living, or the issue of a deceased child living, then I give, devise and bequeath the said residue of my father's real and personal estate over which I have the power of appointment as aforesaid, to my children and the issue of any deceased child, to be equally divided among them share and share alike, the issue of a deceased child to take the share a parent would take if then living, in trust nevertheless in all events for

a period of twenty years immediately after the date of my death, that he or they may enjoy the income, interest and use thereof during that time, and at the expiration of that period, I give, devise and bequeath the said residue of my father's real and personal estate absolutely to my child or children, and the issue of any deceased child, living at the expiration of the above named period of twenty years, to them, their heirs and assigns forever, the issue of a deceased child to take the share a parent would take if then living, provided, however, that if all my children die during my lifetime or within twenty years after my death, without issue, then I give, devise and bequeath the said residue of my father's real and personal estate absolutely to my brother, Richard Champion Thomas Carter, to him, his heirs and assigns forever." The auditing judge held that the remainder of the clause, beginning with the words, "but if" was "clearly an alternative appointment to take effect only if he should die leaving other children or issue of deceased children." Appellant contends, on the other hand, that the portion of the clause, beginning "in trust nevertheless" was intended to apply to the gift to Hugh-William, as well as to gifts to other possible children or issue of deceased children. In support of this contention appellant calls attention to the use by the donee of the words "in all events," "he," "child," and "all my children." The court below, although admitting that there was much force in appellant's contention, adopted the construction of the auditing judge, saying: "The expression 'in trust,' in our opinion, refers to the alternative gift and to that alone." We agree with this conclusion. The gift to Hugh-William which is expressly "to him, his heirs and assigns" indicates plainly that he was to take a present absolute interest, and as against this, the intention of the testator in the latter part of the clause, is, to say the least, not free from doubt. "In cases of doubtful construction the law leans in favor of an absolute rather than a defeasible estate:" Smith's App., 23 Pa. 9.

"The construction, if it is necessary to resort to the established rules, should be in favor of......an absolute or vested estate rather than of a defeasible or contingent one:" Jackson's Est., 179 Pa. 77, 83. If the appointment to Hugh-William was not valid, he would, under the will of William Carter, take, only in case he attains the age of twenty-one years. But no such condition was imposed upon the appointees of Joseph. It must be admitted that the latter exceeded his authority in attempting to create an estate in his brother who was not a member of the class to whom the power of appointment was limited. But that feature of the will is separable from the valid portion, and may be disregarded. We are satisfied that the power of appointment conferred by the will of Wiliam Carter was properly exercised in the will of his son, Joseph, and that under the true interpretation of the latter will, Hugh-William Carter took an absolute present estate.

The assignment of error is overruled, and the decree of the court below dismissing the petition for review is affirmed.