## Bullitt's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*Thomas Kilby Smith* and *White, Schnader, Maris & Clapp*, for petitioners.

*Palmer Watson*, contra.

HENDERSON, J., December 30, 1932.—In the adjudication, upon which a review is sought, a stock dividend of 1895 shares of the Virginia Coal and Iron Company was awarded to corpus. All of the six petitioners for review either requested such action or acquiesced therein. Edna D. Browne opposed such an award, filed exceptions thereto, and when these were dismissed [16 D. & C. 376] appealed to the Supreme Court. That court reversed this court and remitted the record here to enter a decree in accord with its opinion [308 Pa. 413]. This court entered a decree awarding one-seventh of this stock dividend to Mrs. Browne, the only appellant. No further appeal was taken, and this action was acquiesced in by all the parties in interest.

The petitioners, who are the other six life tenants, pray for the opening of the adjudication so that they may have the balance of this stock dividend awarded to them. They urge that an error of law has been made and, unless it is corrected, one-seventh of the income from the balance of this stock dividend will be paid to Mrs. Browne when in equity she should have none of it, she having received her full one-seventh of this stock.

Reserving till later the inequality which will arise in the distribution of dividends from the balance of the stock dividend of this company, it appears that every issue now pressed was before the court below and there decided, and an appeal was taken to the Supreme Court and there decided. These questions may not be retried.

In Bailey's Estate, 291 Pa. 421, 425, Mr. Justice Kephart said:

"But appellants were not entitled to have a review for another reason. Every issue here pressed has been before the court below in some form, and there decided; from these decisions, appeals have been taken and the issues have been decided by this court. Where the Supreme Court has passed finally on the matters contained in a given litigation, a bill of review will not lie in the court below for any errors of law appearing in the judgment or decree: Dennison v. Goehring, 6 Pa. 402. In that case we said: 'Thus, the only question presented for determination is, whether a bill of review for errors on the face of the record can be entertained in an inferior tribunal, after final decree of this court on appeal, affirming the decree appealed from.' Numerous decisions against the practice were cited, and the court held, 'These decisions are consonant with reason; and the rule they establish is absolutely necessary to prevent the confusion and mischiefs which would flow from practically transposing the relative position of our courts—superior and inferior.' See Edmonds v. Chandler, 257 Pa. 144, 147, 148; Felty v. Calhoon, 147 Pa. 27; George's Appeal, 12 Pa. 260."

These petitioners induced the court to make the decree now complained of and hence they are estopped from now being heard to do so.

In Sherwood's Estate, 206 Pa. 465, 468, our Supreme Court, in a per curiam opinion, said:

"The account which is appealed from contained an explicit item of distribution to the administrator of the estate of Henry F. Sherwood, which is now claimed to be error. To this account the appellant, together with the only other distributee except Henry Sherwood's administrator, appended a formal statement under seal that he had examined the account and prayed the court to confirm it absolutely as stated. It thus appears that he was instrumental in inducing the court to make the very decree of which he now complains. He has estopped himself from being heard to do so."

In Carter's Estate, 254 Pa. 565, 567, Mr. Justice Potter said:

"The adjudication also shows that the question raised by the petition for review was raised and considered at the audit. Appellant is not therefore seeking a review for the purpose of presenting a question which was overlooked. It is rather in the nature of an application for a reargument."

By the actions of these parties at the audit, before the court in banc on exceptions, and before the Supreme Court, we must regard these questions as settled and at rest.

But the petitioners further urge that the income arising from the portion of this stock dividend left in corpus will be divided into seven parts, Mrs. Browne participating equally with the other six life tenants, and as she has already received one-seventh of this stock dividend, she is entitled to nothing further. It would be a great injustice to permit such a result. This question has not been raised, argued or decided, and we see no reason why, in the interest of any equitable distribution, the petitioners may not be permitted to raise it now.

A somewhat similar situation arose in Newbold's Estate, 29 Dist. R. 844. Therein the will gave the estate in trust for five children and empowered the trustee to advance to the two sons $50,000 each, and the same amount to a third son when he reached the age of twenty-three, when the trust was to be sepa-

rated into five—one for each child. Meanwhile, he provided for an equalization of the income.

By skillful management the estate enhanced in value $150,000. The three sons contended for an equal division of this sum among the five trusts, but this court held they were not so entitled, but must take a lesser proportionate share as they each had been advanced $50,000 on account of principal.

In a similar way, Mrs. Browne has received what we will call the corpus of her one-seventh of this stock dividend, hence the accrued and accruing income from the six-sevenths remaining in the capital account will be divisible solely among the other six life tenants. It should be pointed out that Mrs. Browne has only an interest in income, and in no event in the corpus of this trust estate.

To this extent the petition for review is granted and the adjudication amended accordingly; otherwise the prayer for review is refused.