## De Charette v. De Charette.

(Decided March 24, 1936.)

526

GILBERT & DAVIS and C. G. BARRICKMAN and RICHARD PRIEST DIETZMAN for appellant.

T. B. ROBERTS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER

Affirming.

The disposition of Allendale Farm by the wills of Mrs. Susan Meriwether and her daughter, Mrs. Sue T. Henning, was before us in De Charette v. St. Matthews Bank & Trust Co., 214 Ky. 400, 283 S. W. 410, 50 A. L. R. 34; De Charette's Guardian v. Bank of Shelbyville, 218 Ky. 691, 291 S. W. 1054; St. Matthews Bank v. De Charette, 259 Ky. 802, 83 S. W. (2d) 471, 99 A. L. R. 1146, and Godfroy v. De Charette, 260 Ky. 147, 84 S. W. (2d) 66. Only a brief summary of the documents as construed by those opinions is necessary to the consideration of the question now before us. The wills are set out in full in one or more of the other opinions.

Mrs. Meriwether devised the farm to Mrs. Henning in trust for life, with a testamentary general power of appointment, coupled with the provision that should the power not be exercised the farm should pass to Mrs. Henning's children, but if none, then, contingently, to others therein designated. In the exercise of the appointment, Mrs. Henning appointed the estate to her daughter, Susanne, the Marquise De Charette, in trust for life, with remainder to her issue in such proportion as she might by her will devise, or, in case she made no such devise, then to her issue per stirpes. However, by codicil, this appointment by Mrs. Henning to her daughter was modified to the extent that the farm was made chargeable with a certain payment to Godfroy and Holt. We held in St. Matthews Bank v. De Charette, supra, that Mrs. Henning's creditors could not subject the property to the satisfaction of her debts under the doctrine that where one exercising a general power of appointment has failed to exercise it in favor of his creditors equity will do so. The question is now being raised as to the construction of the will relating to the interest or rights of Madame De Charette.

The judgment is that Madame De Charette is the owner of a life estate in the farm, with remainder over to her issue. She questions the correctness of that adjudication in opposition to her minor daughter, Susanne Meriwether De Charette. The material part of Mrs. Henning's will is as follows:

"The estate in Shelby County, Kentucky, known

as the Allendale Farms, * * * in the exercise of the power granted to me by the will of my mother, I give, devise and bequeath to my Trustees, * * * in trust, to hold, collect the rents and issues thereof and to pay the net income therefrom to my daughter Susanne de Charette, for and during her natural life, and at her death to convey, deliver and turn over the same to the issue of my daughter, Susanne de 'Charette, in such shares and proportions as she may by will devise, or if she shall leave no will, then to said issue in equal shares, per stirpes and not per capita.''

The appellant maintains that in so far as her mother, Mrs. Henning, exercised the power granted by Mrs. Meriwether in her favor for life, it is valid, but in so far as she undertook to give her a power of appointment to appoint the property to her issue in such proportions as she might by will devise or in the event of default of such appointment then devising it to her issue per stirpes, the appointment is invalid, because (a) it created a perpetuity, and (b) Mrs. Henning could not delegate her power of appointment to her appointee. Then, being invalid so far as the remainder is concerned, it is argued, she takes the property under the will of her grandmother, Mrs. Meriwether, and thereby acquires a fee-simple title. The appellee, the guardian ad litem of Susanne Meriwether De Charette, denies that a perpetuity was created, and maintains that having the absolute general power of appointment Mrs. Henning could do anything with the estate she desired, and she was therefore authorized to carry the appointment on to her daughter. The appellee in further avoidance of the appellant's contention presses in brief that a judgment of the Henry circuit court rendered some time ago and not appealed from, which adjudged a life estate in Mrs. Henning, is binding upon her.

It is the universal conception that when the donee of a power exercises the appointment, he is disposing of the property of the donor. He is, as has been said,

"employed to manage the conduit pipe of another's munificence [and] is authorized by a general power of disposal to turn the stream of it to any person or point within the compass of his discretion.''

Commonwealth v. Duffield, 12 Pa. 277, quoted in St. Mat-

thews Bank v. De Charette, supra. In exercising the power, the donee, although he may not be confined in the designation of the recipients either in choice of persons or extent of division among them, is confined to the method or mode of execution provided in the power and must strictly keep within these limitations of performance and duty. If the power be not exercised in good faith and for the purposes created, and in the manner provided, it will be deemed ineffective against the parties entitled to its benefits. Boyce v. Waller, 9 Dana (39 Ky.) 478; Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385; Chenoweth v. Bullitt, 224 Ky. 698, 6 S. W. (2d) 1061; Chenault's Guardian v. Metropolitan Life Ins. Co., 245 Ky. 482, 53 S. W. (2d) 720, 721; Perry on Trusts, sec. 254.

Mrs. Meriwether appointed her daughter, Mrs. Henning, to dispose of the farm by will to whomsoever she chose. There is nothing in the power indicating otherwise than that it should of itself be a final and complete disposition. There is nothing suggesting that the donee might delegate to any other person that responsibility or privilege. As previously stated, "the entire instrument evidences confidence in the daughter." It was manifestly an expression of trust and confidence personal to the donee. The exercise of this power by Mrs. Henning assuredly involved the widest discretion of choice. One thus invested with discretionary authority cannot assign or transfer or delegate that authority or power to another. 21 R. C. L. 790; 49 C. J. 1282; Law of Future Interests, Simes, sec. 264; Hood v. Haden, 82 Va. 588; Thayer v. Rivers, 179 Mass. 280, 60 N. E. 796; In re Estate of Camilla and David Lewis, 269 Pa. 379, 112 A. 454, 13 A. L. R. 1053.

It has been said that, if the power is general, the right exists to pass succeeding appointees the power to further appoint. Lawrence's Estate, 136 Pa. 354, 20 A. 521, 11 L. R. A. 85, 20 Am. St. Rep. 925; In re McClellan's Estate, 221 Pa. 261, 70 A. 737. But, as stated in Law of Future Interests, Simes, sec. 264:

"These decisions, however, should not be regarded as authority for the proposition that a power of appointment can be delegated. In the case of the general power, the donee could have appointed to himself, and then conveyed in such a way as to create a variety of powers recognized by the law."

Cf. Coats' Ex'r v. Louisville & N. R. Co., 92 Ky. 263, 17 S. W. 564. It must be remembered that the power involved in the instant case was general only in respect of the appointees. It was wholly testamentary. There existed no power in Mrs. Henning to appoint herself by deed so that it would appear that the authorities holding that power may be delegated must be confined to cases where the donee could have appointed himself and to cases where, as in the Lewis Case, the appointment was limited to a class. 21 R. C. L. 805; Lawrence's Estate, supra. Since Mrs. Henning was dealing with her mother's property and not her own, she was not empowered to shift the appointment of Allendale Farm to her daughter, the Marquise De Charette, even though she confined it to her issue. If that could be done, then she could do likewise and the power of appointment could be delegated and carried on ad infinitum. Gray on Perpetuities, sec. 514. To the extent that the exercise of the power granted her by Mrs. Meriwether is delegated, it must fail and be held of no effect because in excess and not a proper execution of the power. Sugden on Powers, p. 50; Chenoweth v. Bullitt, supra.

However, the devise of the farm by Mrs. Henning to her daughter for life is valid, as that clearly was within her power. The destruction of the delegated power by operation of law does not carry down with it the alternate disposition by the donee, Mrs. Henning. The provisions are severable, and the invalidity of one did not affect the validity of the other. Hopkinson v. Swaim, 284 Ill. 11, 119 N. E. 985; In re Carter's Estate, 254 Pa. 565, 99 A. 79. The intention of Mrs. Henning's exercise of power, so far as it is legal, should prevail. 21 R. C. L. 785; Albert v. Albert, 68 Md. 352, 12 A. 11; Graham v. Whitridge, 99 Md. 248, 57 A. 609, 58 A. 36, 66 L. R. A. 408; Lawrence's Estate, supra.

There remains in the will, or in the exercised power, the appointment of Madame De Charette for life, upon the trusts described, with the remainder to her "issue in equal shares per stirpes and not per capita." Unless this disposition of the remainder offends the statute against perpetuities (Ky. Stats., Section 2360), it is within the scope of Mrs. Henning's power to appoint whomsoever she chose. We proceed to consider that point.

The power granted Mrs. Henning by Mrs. Meriwether, although general as to classification of objects or beneficiaries, was, as we must again note, limited to execution by will; hence the broad statements of the authorities as to a general power, i. e., one where the donee is enabled to do with the estate when, what, and how he pleases, the same as if he owned it in fee, that the validity of the exercise is to be judged from the time of its exercise and not its creation, are inapplicable. Gray, Rule Against Perpetuities, sec. 524. Mr. Gray, in his classic work observes:

"Whether appointments under powers general in their scope but to be exercised only by will must be referred to the date of the creation of the power is a question not free from difficulty."

The learned author, reasoning out the proposition and reviewing the source cases of England, declares that principle as well as weight of authority is that the validity of the appointment must be determined by reference to the death of the creator or donor. Section 526. Although this conception has been criticized as fictional (Simes, Sections 255 et seq.), it seems to us to be sound under the accepted doctrine that the title which passes comes from the creator of the power and not from the donee; or, as is sometimes said, the instrument exercising the power relates back as if it were a part of the instrument by which the power was created. We have so held in Brown v. Columbia Finance & Trust Co., 123 Ky. 775, 97 S. W. 421, 30 Ky. Law Rep. 110; United States Fidelity & Guaranty Co. v. Douglas' Trustee, 134 Ky. 374, 120 S. W. 328, 20 Ann. Cas. 993; Chenoweth v. Bullitt, supra; Barnes v. Graves, 259 Ky. 180, 82 S. W. (2d) 297; see, also, 4 Kent's Commentaries, 337; Simes, Law of Future Interests, secs. 253, 537, 538; In re Harbeck, 161 N. Y. 211, 55 N. E. 850. In Minot v. Paine, 230 Mass. 514, 120 N. E. 167, 170, 1 A. L. R. 365, it is well said:

"The essential nature of his act in exercising the power is that he is speaking for the original testator in directing the devolution of the property of the latter. The nature of his power is to express by his own will a disposition of the property of the donor who by the terms of his will adopted in advance these subsequently written words of the

donee as disclosing his ultimate testamentary purpose.''

The interpretation of the situation, therefore, is that we should begin with the death of Mrs. Meriwether and with her will. Eliminating that part of Mrs. Henning's appointment held ineffective because of the attempted delegation of power, and carrying back her appointment as if made by Mrs. Meriwether, we have a bequest by her to Mrs. Henning for life, then to the Marquise De Charette for life, with remainder to her ''issue per stirpes.'' While the term, ''issue,'' may include all lineal descendants or posterity, in common parlance, and as used generally, it signifies immediate descendants—children. Moore v. Moore, 12 B. Mon. (51 Ky.) 651; Newcomb v. Newcomb, 197 Ky. 801, 248 S. W. 198. It is manifest here that the intention was to bequeath the remainder in the estate to the children of Madame De Charette or the descendants of any who might have died, i. e., to those who would take under the statute of descent and distribution. Banzhoff v. Smith, 233 Ky. 737, 26 S. W. (2d) 1034. The devise by Mrs. Meriwether and appointment by Mrs. Henning were to persons in being, and the remainder will vest at the death of the second life tenant. So there is not and could not have been, under the developments of this case, any violation of the rule or statute against perpetuities.

Our conclusion is the same as that of the chancellor, that Madame De Charette has a life estate only with remainder to her children or their descendants.

Judgment affirmed.

Whole court sitting.