CHARLES DESMARTEAU *et al.* Appellants, *vs.* ALFRED FOR-
TIN *et al.* Appellees.

*Opinion filed October 22, 1927.*

1. WILLS—*the testator's intention, when ascertainable, must be
given effect.* It is a fundamental rule that the intention of the
testator as determined from the entire will must be given effect
unless contrary to public policy or established rules of law, and
where the context of the will indicates what the testator's intention
was, words may be read into the will to effectuate that intention.

2. SAME—*will will be so construed as to dispose of all property.*
A testator is presumed to have intended to dispose of all his prop-
erty and leave no part of it intestate, and courts will adopt any
reasonable construction rather than hold part of the estate intestate.

3. SAME—*when gift will be implied from will.* A gift by im-
plication may be sustained where the intention of the testator to
make the gift appears so strong from the language of the will that
a contrary intention cannot be inferred.

4. SAME—*when words may be supplied to give grandchildren a
fee after life estates in widow and daughter—trust.* Where a tes-
tator, after giving successive life estates to his widow and daugh-
ter in all his property, devises life estates therein to his two grand-
children and provides that "in case that either of my said grand-
children shall depart this life before my said wife and daughter
shall depart this life, leaving no child," the property shall go to
the survivor, "and in case both of my said grandchildren shall

depart this life leaving no child" the property shall go to heirs-at-law of the testator's father's blood, the grandchildren, if they survive the wife and daughter, will take the fee, as the words "before my said wife and daughter shall depart this life" in the first condition will be supplied in the second, notwithstanding a further provision that the devise is to be treated as a trust fund for the grandchildren.

5. SAME—*will will be so construed as to favor the heir.* In the construction of wills the law favors the heir and an ambiguity will be resolved in favor of the heir in preference to persons not so closely related to the testator, as the succession to real estate provided by the Statute of Descent can be superseded only by a valid testamentary disposition different from the statute.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

GRANGER, NOURIE & GRANGER, (CLAUDE M. GRANGER, and ELBRIDGE BANCROFT PIERCE, of counsel,) for appellants.

McGILVRAY, EAMES, VAUGHAN & TILLEY, (FRANKLIN E. VAUGHAN, of counsel,) for appellee Alexis Fortin.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is brought to this court for review of a decree of the superior court of Cook county construing the will of Timothy Fortin, who died testate August 8, 1912. The will was executed in April, 1907. At that time the testator's wife and his daughter, Rachel Desmarteau, were living. Appellants, Charles and Fortin Desmarteau, were the only children of Rachel. She died in June, 1910, approximately two years before testator did, leaving appellants as her only children. The widow of the testator died August 21, 1916, and since her death appellants, the two grandchildren of the testator, have been in possession of the land the fee simple title to which is in dispute in this case. By the second paragraph of his will the testator gave the widow a life estate in all his property. The third

326—39

paragraph gave his daughter, Rachel Desmarteau, in case she survived the widow, a life estate in all the property. By the fourth paragraph the testator devised to his two grandchildren, upon the death of his widow and daughter, a life estate in all the property, "and in case that either of my said grandchildren shall depart this life before my said wife and daughter shall depart this life, leaving no child or children surviving him or her, then and in that event the said lands * * * shall go to the survivor thereof, or their children for the parent's share. And in case both of my said grandchildren shall depart this life leaving no child or children surviving them, then I give, devise and bequeath said lands * * * to my heirs-at-law of my father's blood only." In the fifth paragraph the testator said he wished and intended his estate to be considered and treated as a "trust fund and trust estate, for the purpose to insure unto my said grandchildren support, education and the comforts of life during their natural lives." A similar clause is contained in each paragraph of the will devising a life estate.

Appellants filed their bill in 1926, alleging that they are now, and were at the time of the death of the testator, the only persons answering the description of "heirs-at-law of my father's blood only;" that they are of full age, married, and that Charles has three living children. The bill alleges appellants are in possession of the property; that parcels of it situated in the business districts of Chicago and Kankakee are unimproved; that the taxes and assessments are high and no income is derived from it; that the property cannot be sold or leased to advantage on account of objections to appellants' title based on the claim of the collateral kindred of the testator; that certain improved tracts need further improvement, but appellants cannot afford the money to improve them and are unable to sell or lease to advantage on account of the claim of the collateral kin of the testator that they are interested in the title. The bill

alleges the will gave appellants a life estate in the property but did not dispose of the reversion, which descended to them as sole heirs of the testator, and that they hold the title in fee, but their title is clouded by the attempted gift to the testator's heirs-at-law of his father's blood only. The bill alleges the testator's intent was to make the devise over only upon the death of both appellants without issue during the continuance of the life estates devised to the widow and daughter, which contingency cannot now happen, as appellants have both survived the widow and daughter. The bill alleges that the children of Charles have no real interest in the property. A guardian *ad litem* was appointed for the known and unknown defendants who were minors or otherwise incompetent, and filed a formal answer.

Alexis Fortin, as representative of the collateral kin of the testator, answered, denying that the will made no disposition of the reversion and denying it descended to appellants. The answer denies appellants own the land in fee simple, and admits he and other defendants similarly situated claim a contingent interest if both appellants die childless; denies the intent of the testator was to make a gift to persons answering the description therein only in the event of both appellants dying without surviving child or children during the life estates of the widow and daughter, and avers the testator's intention was to devise to the heirs-at-law of his father's blood only, the reversion and remainder in case both appellants died at any time without surviving children; avers that the will disposed of the reversion and remainder, but that it is impossible to ascertain the takers of it until the death of appellants, and that defendants and others similarly situated now have a contingent interest in the reversion and remainder; avers that the intent of the testator was to give appellants a life estate, and upon their death childless at any time it was to pass to the deceased's heirs-at-law who should be in being at the time, or the lineal descendants of the testator's father; avers that the three

children of Charles, together with any other children who may be born to and survive appellants, will be entitled to the entire estate after payment of debts; that the testator failed to make any disposition of the reversion and remainder in the event of the death of both complainants if there should be children of either or both of them surviving.

The court construed the will to mean that the testator intended to give appellants a life estate and devised the fee simple in remainder to their children born or who may be born before appellants' death, subject to being divested by the death of all appellants' children before appellants' death, and that the intent was to devise to the heirs of the testator's father's blood a contingent interest, which will vest in them in the event of both appellants dying childless, and until such time as both appellants die the intention of the testator was that appellants should hold the income from the property as trustee for themselves and the principal as trustees for the remaindermen.

It is apparent from reading the will that the language used by the draftsman is awkward and does not express the full intention of the testator. Something must be supplied in order to arrive at that intention. The first clause of the fourth paragraph makes the devise over, after a life estate to appellants, dependent upon their dying childless "before my said wife and daughter shall depart this life." Appellants contend the words above quoted should be read into the second clause of the paragraph, making the devise over upon the death of both appellants without children surviving dependent upon appellants dying childless before the death of the wife and daughter. Appellees contend that the testator must be presumed to have intended to dispose of all his estate, and by implication the contingent remainder in fee was devised to appellants' children.

The general and fundamental rule for construing wills is, that the intention of the testator, to be determined from the entire will, is to be given effect unless contrary to pub-

lic policy or established rules of law. The general rule also is that the testator is presumed to have intended to dispose of all his property and leave no part of it intestate. Courts will adopt any reasonable construction rather than hold part of the estate intestate. Where the context of the will indicates what the testator's intention was, words may be read into the will to effectuate that intention, which is contrary to the general rule that the intention must be gathered from the language expressed in the will. A gift by implication will also sometimes be sustained where the intention of the testator to make the gift appears so strong from the language of the will that a contrary intention can not be inferred. Before the gift over of the remainder to appellants' children, in the first clause of the fourth paragraph, could take effect one of them was required to die. childless before the preceding life tenants, the widow and daughter, should have died. Both appellants survived that event, and the attempted devise over under the first clause of the fourth paragraph can never take effect. If the taking effect of the attempted devise of the remainder by the second clause upon the death of both appellants childless means their death "before my said wife and daughter shall depart this life," then that contingency can never happen and the attempted devise over of the remainder must fail. To our minds it seems clear from the context of the will that it was the intention of the testator to make the devise over in the second clause dependent upon the same conditions expressed in the first clause of paragraph 4, and in the devise over upon the death of both appellants childless the testator meant, if they both die childless before the death of the preceding life tenants then the gift over was to take effect. Contrary to the general rule, where the context of the will requires reading into it words to give effect to the testator's intention it may be done when the omitted words are necessary to carry out the evident intent, as the main purpose of construing wills is to give effect to the

intention of the testator. The supplying in the second clause of the fourth paragraph of the words "before my said wife and daughter shall depart this life" is justified by the authorities. (*McClure* v. *McClure,* 319 Ill. 271.) Quoting from Jarman on Wills this court said in *Glover* v. *Condell,* 163 Ill. 566: "It is established that where it is clear on the face of a will that the testator has not accurately or completely expressed his meaning by the words he has used, and it is also clear what are the words which he has omitted, those words may be supplied in order to effectuate the intention as collected from the context." The rule was applied in *Williamson* v. *Carnes,* 284 Ill. 521, and *Duryea* v. *Duryea,* 85 id. 41. The condition, therefore, upon which the devise over of the remainder would take effect can never happen, because both the preceding life tenants are dead and both appellants are still living. The remainder in fee after the devise of a life estate to appellants was not disposed of by the will and it descended to appellants as intestate estate. Neither their children nor the heirs-at-law of the testator's father's blood have any contingent interest in the property. The title in fee is in appellants.

If we are to speculate upon what the testator's intention was in not disposing of the fee it seems to us more reasonable to say he desired his estate to go to appellants if they survived the preceding life tenants. At least no gift, by implication, of the remainder in fee can be inferred from the language of the will. (*Pontius* v. *Conrad,* 317 Ill. 241; *Bond* v. *Moore,* 236 id. 576.) The succession to the real estate provided by the Statute of Descent can only be superseded by a valid testamentary disposition different from the statute. (*Mills* v. *Teel,* 245 Ill. 483; *Wiltfang* v. *Dirksen,* 295 id. 362.) In the construction of wills the law favors the heir, and an ambiguity should be resolved in favor of the heir in preference to persons not so closely related to the testator. *Kohtz* v. *Eldred,* 208 Ill.

60; *Dollander* v. *Dhaemers,* 297 id. 274; *Smith* v. *Garber,* 286 id. 67.

It does not seem to be reasonable to hold that it was the intention of the testator to tie up the vesting of the fee until the death of both appellants. Part of the property is vacant and produces no income. The decree finds the taxes and assessments upon it are high, and that on account of the claim of appellees of an interest in the title it can not be improved, sold or leased to advantage. Under the construction contended for by appellees and decreed by the court the possibility of any interest vesting in them is very remote. Appellants are both married. One of them has three children now, and the other one has been married a short time. The law favors the vesting of title. · If the intention of the testator were clear that the remainder in fee should not vest until the death of both appellants, however unreasonable that might be, it would have to be given effect. As we understand and construe the will no remainder in fee was devised to anyone, and we cannot imply a devise which would hold up the vesting of the fee to such a remote period.

We do not think the fifth paragraph, that the devise is to be treated as a trust fund and trust estate for the purpose of insuring appellants' support, education and the comforts of life during their natural lives, requires a different construction of the will from that we have given it or shows a different intent of the testator from that we have attributed to it. A similar clause to that is found after each preceding gift of a life estate.

Our construction of the will is contrary to the decree of the superior court, and its decree is accordingly reversed and the cause remanded, with directions to that court to enter a decree in accordance with the views of this opinion.

*Reversed and remanded, with directions.*