AMERICAN TRUST COMPANY OF CHARLOTTE, NORTH CAROLINA, AS TRUSTEE UNDER THE WILL OF WILLIAM H. WILLIAMSON (THE ELDER), AND ALSO AS EXECUTOR AND TRUSTEE UNDER THE WILL OF WILLIAM H. WILLIAMSON, JR., v. WILLIAM H. WILLIAMSON, III, A MINOR, AND MARY MARTIN WILLIAMSON, A MINOR, AND SARAH WLLIAMSON LAMB (NEE SARAH TUCKER WILLIAMSON) AND THE UNBORN ISSUE OF SAID WILLIAM H. WILLIAMSON, III, AND MARY MARTIN WILLIAMSON.

(Filed 30 January, 1948.)

**1. Wills § 33h—**

Where there is a devise of property with power of disposition, the rule against perpetuities relates back to the time the power of appointment is given and not the date of its exercise.

**2. Same—**

Where the attempted exercise of a power of disposition by will is void because violative of the rule against perpetuities, the donee dies intestate as to such property. In the instant case the original will covered such contingency by providing that should the donee die intestate the property should go to the donee's child or children.

**3. Same—**

Since the rule against perpetuities relates back to the time the power of appointment is given and not to the date of its exercise, the rule against perpetuities precludes the donee of the power from creating a trust which the donor could not have created had he so desired.

Trust Co. *v.* Williamson.

**4. Wills § 33f—**

The donee of a power of disposition is no more than a designated agent to exercise the power of appointment within the limits prescribed, and the title to the property does not vest in the donee.

**5. Wills § 33h—**

Testator devised certain property in trust with power of disposition by will to his son. The son, in exercising the power, devised a part of the property in trust for his children with a limited power to them to dispose of by will. *Held:* Since the son's children may or may not die within twenty-one years from the son's death, the devise of the power of disposition by will to his children is void as violating the rule against perpetuities.

**6. Same—**

The rule against perpetuities does not apply to charitable trusts, but it does apply to trusts created for private purposes, and a private trust must terminate within a life or lives in being and twenty-one years and ten lunar months thereafter. G. S., 36-21.

**7. Wills §§ 33f, 33h—**

The exercise of a power of appointment will not be held invalid *in toto* because some of the provisions thereof violate the rule against perpetuities if the provisions which violate the rule are severable from the valid provisions, and in the instant case the provisions being severable, the donee died intestate in regard to the invalid provision and, under the will of the original donor, this property vested in the children of the donee, free and clear of any restraints or other limitations.

Schenck, J., took no part in the consideration or decision of this case.

Appeal by P. C. Whitlock, guardian *ad litem* for minor defendants, William H. Williamson, III, and Mary Martin Williamson, from *Bobbitt, J.,* in Chambers at Charlotte, North Carolina, 11 October, 1947. From Mecklenburg.

The facts necessary to a disposition of this appeal are as follows:

1. William H. Williamson, Sr., died 29 March, 1926, leaving a will which was probated in Mecklenburg County. The testator left only two children, William H. Williamson, Jr., born 5 December, 1903, and Sarah Tucker, now Mrs. Sarah Williamson Lamb, born 13 September, 1912. By this will William H. Williamson, Sr., vested in his son, William H. Williamson, Jr., a power of appointment over the property placed in trust with the American Trust Company, exercisable by William H. Williamson, Jr., after he reached the age of 23 years.

The creation of the power was in these words: "It is distinctly understood that my son, William, shall have the right to dispose of the entire estate placed in the hands of the said Trustee for his benefit hereunder by will at any time after he shall reach the age of twenty-three (23) years."

The will of William H. Williamson, Sr., provides among other things, that, "Should my son die intestate, leaving surviving child or children and a wife, then such estate shall be divided equally between said surviving child or children and wife, share and share alike, and should he die intestate, leaving only child or children, then such estate shall go to such child or children."

2. William H. Williamson, Jr., having attained the age of 23 years, died on 3 March, 1945, leaving a will which was also probated in Mecklenburg County. By this will the testator attempted to exercise the power of appointment vested in him by the will of his father, devised and bequeathed to American Trust Company, as trustee, the property held in trust for him by that company, as well as other property which he owned outright.

3. The wife of William H. Williamson, Jr., predeceased him. He left two minor children, William H. Williamson, III, born 30 May, 1931, and Mary Martin Williamson, born 13 April, 1934.

4. The pertinent provisions of the will of William H. Williamson, Jr., are as follows: "All the rest and residue of my estate, of every sort and description and wheresoever situate, including that estate left me by my father, Wm. Holt Williamson, of which the American Trust Company, Charlotte, North Carolina, is now trustee and which I have the right to will after reaching the age of 23, according to the terms of the last will and testament of said William Holt Williamson, dated the 9th day of May, 1923, I give, devise and bequeath to the American Trust Company of Charlotte, North Carolina, to be held, managed and disposed of by it upon the following trusts: . . . The part or parts of this estate held for the benefit of any issue, *per stirpes,* together with any accumulated income thereon, shall upon the beneficiary of his or her trust reaching the age of 25 be divided in two parts, one-half in value of the same shall then be given, deeded and/or transferred to such beneficiary so becoming 25 years old, in fee simple, and the other one-half held for the benefit of such beneficiary for the remainder of his or her life, the income being distributed as heretofore provided; provided, however, that such beneficiary so reaching the age of 25 is hereby given the right and authority to dispose of his or her remaining one-half share by will to only the following described and limited class of beneficiaries, viz.: to the spouse of such beneficiary, to the child or other descendants of such beneficiary, to the spouse of any child or other descendant of such beneficiary and/or to any educational, religious, charitable or other eleemosynary organization or institution; and any reference in my said will to the death of any such beneficiary intestate, shall be construed as meaning the death of such beneficiary without having wholly exercised the foregoing limited power of appointment. In the event that any of my issue shall die before

reaching the age of 25 or intestate after reaching such age, leaving no issue or issue of issue, then, in that event, such issue's share and any accumulated income thereon shall be divided and added to the share of my then surviving issue, *per stirpes,* and administered according to the provisions of this instrument governing such surviving issue's share."

The court below held as a matter of law: "Since each of the two surviving children of Wm. H. Williamson, Jr., viz.: defendants, Wm. H. Williamson, III, and Mary Martin Williamson, was more than nine (9) years of age at the date of the death of Wm. H. Williamson, Jr., the interests or estates appointed to each of them in the fund, viz.: the right of each to receive one-half (½) of his/her share of the fund in fee simple upon arrival at the age of twenty-five (25) years, and the right of each to receive at age twenty-five (25) such one-half interest in the fund of the other in the event of the other's death without issue prior to attaining the age of twenty-five (25) years, and the right of each to receive during his/her life and after attaining the age of twenty-one (21) years the entire income from the other one-half of his/her interest in the said fund, must all vest, if at all, before the expiration of twenty-one (21) years after the date of the death of Wm. H. Williamson, Jr., and are, therefore, valid and not in violation of the rule against perpetuities.

"Considering that the question as to whom, under which will and in what manner the balance and remainder of the fund remaining undistributed after the respective deaths of the minor defendants, William H. Williamson, III, and Mary Martin Williamson, will ultimately go, is presently a moot question, the answer to which is not necessary for the present purposes of this action, the Court, in its discretion, defers any present adjudication of such question, with leave to any party in interest, by motion in this cause, to move the Court for a decision thereon at any time in the future when such decision may become material and pertinent." The court thereupon entered judgment requiring the American Trust Company, Trustee, under the will of William H. Williamson, Sr., to transfer to the American Trust Company, Trustee, under the will of William H. Williamson, Jr., all of the aforesaid fund, together with any accumulated income, which it shall, until the respective deaths of the minor defendants, William H. Williamson, III, and Mary Martin Williamson, hold, administer and distribute under, and in accordance with the terms and provisions of the will of William H. Williamson, Jr.

From the foregoing judgment, P. C. Whitlock, guardian *ad litem* for the minor defendants, William H. Williamson, III, and Mary Martin Williamson, appeals and assigns error.

· · *Whitlock, Dockery & Moore* for defendants, appellants.

· *Elmer E. Rouzer and Robert P. Stewart* for *Alex R. Josephs, guardian ad litem,* appellee.

· :*Taliaferro, Clarkson & Grier* for *American Trust Company of Charlotte,* appellee.

DENNY, J.   The provisions of the will of William H. Williamson, Jr., are not challenged except in so far as the testator in the exercise of the power of appointment under his father's will, undertook to set up a trust· as to one-half of the funds held in trust by the American Trust Company, Trustee, under the will of William H. Williamson, Sr., for the benefit of his children, William H. Williamson, III, and Mary Martin Williamson, for life and to give them a limited power of appointment as to the disposition of such trust fund.

There is no appeal from that part of the judgment below which in effect holds that the rule against perpetuities relates back to the time the power of appointment was given and not from the date of its exercise, which is in accord with the weight of the authorities. *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *White v. White,* 189 N. C., 236, 126 S. E., 612; *Chewning v. Mason,* 158 N. C., 578, 74 S. E., 357; *Norfleet v. Hawkins,* 93 N. C., 392; Gray, Rule Against Perpetuities (4th Ed.), Sec. 515, 31 Am. Jur., 857, 49 C. J., 1305; *In re Harris' Will,* 55 N. Y. S. (2d), 261; *McCreary's Estate v. Pitts,* 354 Pa., 347, 47 A. (2d), 235; *Equitable Trust Co. v. Snader,* 17 Del. Ch., 203, 151 A., 712; *Rutherfurd v. Farrar,* 118 S. W. (2d), 79 (Mo.); *Northern Trust Co. v. Porter,* 368 Ill., 256, 13 N. E. (2d), 487.   It is, therefore, conceded by all parties to this action that the attempt to limit the power of disposition of any portion of the estate of William H. Williamson, Sr., beyond the lives of William H. Williamson, III, and Mary Martin Williamson, is violative of the rule against perpetuities.   Gray, Rule Against Perpetuities (4th Ed.), 510, 41 Am. Jur., 69; *In re Cassidy's Estate,* 259 N. Y. S., 67; *Graham v. Whiteridge,* 99 Md., 248, 57 A., 609.

The disposition made by William H. Williamson, Jr., of his own estate as well as the other half of the trust fund held under the provisions of his father's will, is not challenged.

The appellant, however, does challenge the attempt of William H. Williamson, Jr., to include in the trust he established for the benefit of his children for their lives, the one-half of the funds held by the American Trust Company, Trustee, under the will of William H. Williamson, Sr., on the ground that such trust in so far as it relates to these funds violates the rule against perpetuities.

If the appellant's position is correct, then William H. Williamson, Jr., died intestate as to this one-half of the funds now held by the Ameri-

can Trust Company, Trustee, under the will of William H. Williamson, Sr. Moreover, the will of William H. Williamson, Sr., covers just such a contingency in that it provides that should William H. Williamson, Jr., die intestate, leaving a child or children, then such estate shall go to said child or children.

Since the power under which William H. Williamson, Jr., undertook to dispose of the residue of his father's estate, dates from the death of the donor of the power, he could not create a valid trust as to any part of his father's estate, that his father could not have created had he so desired. William H. Williamson, III, and Mary Martin Williamson, were not in being at the time of the death of William H. Williamson, Sr. The power given William H. Williamson, Jr., was a limited one. He could dispose of the trust fund by will only. He was in fact no more than a designated agent with limited power. *Hardee v. Rivers*, 228 N. C., 66, 44 S. E. (2d), 476. The title to the trust fund created by William H. Williamson, Sr., never vested in William H. Williamson, Jr., he was only given the power to dispose of it by will. Such will, however, in so far as it failed to provide for the vesting of any of these funds, free from the trust, within the time required by the rule against perpetuities, is void. Therefore, upon the facts as disclosed on the record, the latest possible date the Trustee could hold the *corpus* of the estate of William H. Williamson, Sr., would be 21 years after the death of William H. Williamson, Jr., but under the judgment below no vesting, discharged from the limitations of the trust, can take place until the deaths of William H. Williamson, III, and Mary Martin Williamson, respectively. Such deaths may or may not occur within 21 years after the death of William H. Williamson, Jr. A provision whereby title to the *corpus* of an estate may or may not vest within the time required by the rule against perpetuities does not meet the requirement of the rule. Such title must vest within the time required by the rule in order to be valid. *Hopkinson v. Swaim*, 284 Ill., 11, 119 N. E., 985; *Equitable Trust Co. v. Snader, supra; Northern Trust Co. v. Porter, supra.*

The rule against perpetuities does not apply to charitable trusts. G. S., 36-21; *Reynolds Foundation v. Trustees of Wake Forest College*, 227 N. C., 500, 42 S. E. (2d), 910; *Penick v. Bank*, 218 N. C., 686, 12 S. E. (2d), 253; *Williams v. Williams*, 215 N. C., 739, 3 S. E. (2d), 334. However, the rule does apply to trusts created for private purposes. 41 Am. Jur., 86. A trust for private purposes must terminate within a life or lives in being and twenty-one years and ten lunar months thereafter. *Springs v. Hopkins*, 171 N. C., 486, 88 S. E., 774; *Billingsley v. Bradley*, 166 Md., 412, 171 A., 351, 104 A. L. R., 274; Gray, Rule Against Perpetuities (4th Ed.), 191, *et seq.*, 41 Am. Jur., 87.

The weight of authority is to the effect that a disposition of property under a power of appointment will not be held invalid *in toto* because

some of the provisions thereof may be violative of the rule against perpetuities; provided, the provisions which are violative of the rule against perpetuities are severable from the valid provisions exercised under the power. 41 Am. Jur., 861; 49 C. J., 1300; *Parker v. MacBryde,* 132 F. (2d), 932 (Fourth Circuit); *De Charette v. De Charette,* 264 Ky., 525, 94 S. W. (2d), 1018; 104 A. L. R., 1455; *Hopkinson v. Swaim, supra; In re Carter's Estate,* 254 Pa., 565, 99 A., 79; *In re Carroll's Estate,* 280 N. Y. S., 307; *Equitable Trust Co. v. Snader, supra; Liggett v. Fidelity & Columbia Trust Co.,* 274 Ky., 387, 118 S. W. (2d), 720. In the instant case the provisions which are violative of the rule against perpetuities are severable from the valid provisions exercised under the power.

Hence, we hold that the attempt of William H. Williamson, Jr., to include in the trust for his children, any portion of the proceeds of the estate of William H. Williamson, Sr., which purported to require such funds to be held in trust for his children during their lives, is void in so far as it relates to such funds; and that the guardian of William H. Williamson, III, and Mary Martin Williamson is entitled to receive from the American Trust Company, Trustee, under the will of William H. Williamson, Sr., one-half of the funds of such estate, as the property of the aforesaid minors, free and clear of any restraints or other limitations.

The judgment of the court below, except as herein modified, is affirmed.

Modified and affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.