68 S.E.2d 831 (1952)
234 N.C. 737
McQUEEN et al.
v.
BRANCH BANKING & TRUST CO. et al.
No. 676.
Supreme Court of North Carolina.
February 1, 1952.
*833 N. H. Person, Malcolm McQueen, Clark & Clark, and Robert H. Dye, all of Fayetteville, for plaintiffs.
*834 McLean & Stacy, Lumberton, for W. E. McArthur and wife, Bessie McArthur, and W. E. McArthur, as trustee.
N. H. McGeachy, Jr., and Nance & Barrington, all of Fayetteville, for other defendants named.
BARNHILL, Justice.
Is the devise in trust contained in the will of Annie McArthur too uncertain, vague, and indefinite to be enforceable, or does it offend the rule against perpetuities, or does it constitute an unlawful and unreasonable restraint against alienation? These are the three questions posed by the appeal of the defendants.
The plaintiffs take the position that the provision in the will that the trust shall continue for a period of twenty-five years from the date of the filing of the will for probate, or from the date of the death of the life tenant, "whichever may be the later date" makes the date of the commencement of the twenty-five year period so uncertain as to render the devise too vague and indefinite to be enforceable, and that it also brings the devise within the condemnation of the rule against perpetuities. On this record the contention thus advanced in support of the judgment entered in the court below is untenable.
The testatrix first devised the property in question to her sister for life, and then to the named trustees for the uses and purposes therein named. The devise to the trustees is unequivocal and constitutes a devise of the remainder subject to the life estate of Margaret McArthur. Legal title vested in the trustees immediately upon the death of the testatrix. Their right of possession, and the beginning of the twenty-five year period during which the trust shall remain active, was necessarily dependent upon whether the life tenant survived the testatrix. The provision in the will in this respect is merely expressive of the law which, in the absence of such provision, would have fixed the identical date as the date upon which the right of the trustees to assume possession of the trust property accrued.
Unquestionably the testatrix used the expression "the date of filing this, my last will and testament for probate" to mean upon her death and the performance of the formalities in respect to her will which would entitle the trustees to assert the rights accruing to them under the terms of the trust. In any event we are dealing with the situation as it is, not as it might have been under other circumstances which did not and cannot arise. The will was promptly admitted to probate, and the date of the death of the life tenant marks the beginning of the twenty-five year period of the trust. So then, we find no vagueness or uncertainty here such as would render the devise to the trustees void and unenforceable.
In so holding, we are not inadvertent to the Illinois case, Johnson v. Preston, 226 Ill. 447, 80 N.E. 1001, 10 L.R.A.,N.S., 564, cited by plaintiffs. But that case is clearly distinguishable. There title was to vest in the trustees upon the probate of the will. Here it vested at the date of the death of the testatrix and the probate of the will merely fixes the beginning date of the trust. Neither is Closset v. Burtchaell, 112 Or. 585, 230 P. 554, in conflict with what is here said.
But the status of the devisees and their present interest, if any, in the property devised in trust is determinative of the question whether the devise is violative of the rule against perpetuities.
The right to create contingent interests in property, title to which is to vest at some time in the future, and to postpone the full enjoyment of vested interests, has always been recognized. Even so, the creation of a future interest in property necessarily fetters the estate and tends to affect its marketability. The courts therefore, at an early date, recognized that a rule which would hold the exercise of this right within reasonable bounds was imperative. To this end the rule against perpetuities was devised. While modified by statute in some states, it has been consistently followed in this and a majority of the other jurisdictions in this country.
*835 It is concededly a rule which draws an arbitrary line of demarcation between what shall be deemed reasonable and what unreasonable. No other type of rule would have sufficed to accomplish the purpose in mind.
It prescribes the time within which title to a future interest in property must vest. Under this rule, no devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void. Gray On Perpetuities, 4th ed., p. 191, sec. 201; Mercer v. Mercer, 230 N.C. 101, 52 S.E.2d 229; American Trust Co. v. Williamson, 228 N.C. 458, 46 S.E.2d 104; Springs v. Hopkins, 171 N.C. 486, 88 S.E. 774; In re Estate of Friday, 313 Pa. 328, 170 A. 123, 91 A.L.R. 766; Camden Safe Deposit & Trust Co. v. Scott, 121 N.J.Eq. 366, 189 A. 653, 110 A.L.R. 1442, and Annotation p. 1450; 41 A.J. 53, § 6, § 23, p. 67, § 29, p. 73.
It does not relate to and is not concerned with the postponement of the full enjoyment of a vested estate. The time of vesting of title is its sole subject matter. Springs v. Hopkins, supra; Camden Safe Deposit & Trust Co. v. Scott, supra; In re Estate of Friday, supra; 41 A.J. 73, § 29; ibid, § 23, p. 67.
A mere statement of the rule demonstrates its inapplicability here. The will under consideration creates no contingent future interest. The beneficiaries of the trust are named in the will and are persons who were in being at the time the will took effect and the estate was created. They are, under the terms of the will, to have and receive the income from the property quarterly, subject to the right of the trustees to make use thereof in their discretion for other designated purposes; and upon the termination of the trust they are to receive their respective shares, freed of the trust provisions. Thus there is no postponement of the vesting of their title to the property. Instead, title thereto vested in them, subject to the life estate and the terms of the trust, immediately upon the death of the testatrix. The trust served merely to postpone their right to the full enjoyment of the estate devised until the termination of the trust.
"Where an active trust is created for the use and benefit of named beneficiaries, or there is a gift of all or a part of the income therefrom to the beneficiaries, pending final division, or there is other language in the will evidencing a clear intent that a beneficial interest in the estate shall vest in the parties named immediately upon the death of the testator, with directions to the trustees to divide and deliver the estate at a stated time in the future, the interest vests immediately upon the death of the testator and the date of the division merely postpones the complete enjoyment therof. Coddington v. Stone, 217 N.C. 714, 9 S.E.2d 420; Robinson v. Robinson, 227 N.C. 155, 41 S.E.2d 282; Sutton v. Quinerly, 228 N.C. 106, 44 S.E.2d 521." Carter v. Kempton, 233 N.C. 1, 62 S.E.2d 713, 717; Priddy & Co. v. Sanderford, 221 N.C. 422, 20 S.E.2d 341; Weill v. Weill, 212 N.C. 764, 194 S.E. 462; American Trust Co. v. Williamson, supra; Jackson v. Langley, 234 N.C. 243, 66 S.E.2d 899, and cases cited; Curtis v. Maryland Baptist Union Ass'n, 176 Md. 430, 5 A.2d 836, 121 A.L.R. 1516. The devise here comes clearly within this rule.
"An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment." Patrick v. Beatty, 202 N.C. 454, 163 S.E. 572, 575; Curtis v. Maryland Baptist Union Ass'n, supra.
That the trustees are vested with authority to use income or a part thereof for other purposes does not affect this conclusion. Jackson v. Langley, supra [234 N.C. 243, 66 S.E.2d 901].
In the Jackson case the trustee was authorized not only to use the income but *836 also to invade the corpus of the estate for other purposes if, in his discretion, he deemed it necessary so to do. Yet we held that the equitable title to the property vested in the beneficiary of the trust immediately upon the death of the testatrix.
Denny, J., speaking for the Court in that case says:
"Furthermore, the mere fact that John Alfred Langley, Sr., the trustee, was given the right to use the income from or corpus of the trust estate for his own benefit in the event certain enumerated emergencies arose, did not in any way affect or delay the vesting of the estate in John Alfred Langley, Jr., to any greater extent than if the trustee had been given a life estate with the power to use the corpus, or any part thereof, for his own use.
"The overwhelming weight of authority, including our own decisions, supports the view that in such cases the estate vests in the ultimate beneficiary upon the death of the testator, subject to be divested of such portion thereof as may be required to meet the authorized needs of the life tenant or other designated person. (Citing cases.)"
The only limitation of the right of alienation imposed upon the devise is such as arises out of the creation of the trust and the postponement of the right of full enjoyment of the estate devised. As these provisions of the will are not violative of the rule against perpetuities, they do not constitute an unreasonable restraint upon the right of alienation.
The plaintiffs rely on what is said in American Trust Co. v. Williamson, supra, and Mercer v. Mercer, supra, respecting the rule against perpetuities as applied to private trusts. Perhaps the language used in the Williamson case and adopted in the Mercer case is not as full and complete as it might have been. In any event, the language used must be interpreted in the light of the facts in those cases and the authorities cited. In the Williamson case there was a power of appointment which, if exercised by the trustee, would be violative of the rule against perpetuities, and in the Mercer case there was a future interest which might not vest within the time prescribed by the rule.
The rule may not be evaded by the creation of a private trust. It "applies to the time when the legal interest will vest in the trustees, as well as to the time when the equitable or beneficial interest will vest in the beneficiaries." 41 A.J. 86. The question is not the length of the trust but whether title vested within the required time. 41 A.J. 86.
"Courts and writers sometimes state in a rather loose fashion that every express private trust must be limited in duration to a period not longer than lives in being when the trust starts and twenty-one years thereafter. * * * This is incorrect, except in a very few states where trusts in general, or certain trusts, have been limited in their duration by statute." 1A Bogert, Trusts and Trustees, 405.
"An interest is not obnoxious to the Rule against Perpetuities if it begins within lives in being and twenty-one years, although it may end beyond them. If it were otherwise, all fee-simple estates would be bad. The law is the same with lesser estates." Gray On Perpetuities, 4th ed., p. 237, § 232 (see cases cited in notes); 1A Bogert, Trusts and Trustees, § 214 (pp. 346 and 362).
The plaintiffs likewise cite and rely on Carter v. Kempton, supra, but that decision is not in point here. There the will contained no dispositive words or other language disclosing an intent of the testator that his children should take his property other than the direction for a division at the termination of the trust. The devise here comes within the rule followed in the first line of cases there cited.
The disposition made of the appeal by defendants renders academic the question posed by plaintiff's on their appeal.
For the reasons stated the judgment entered in the court below is
Reversed.