In Matter of Estate of Albert N. McClallen, deceased.
Elton R. Heiser, as Executor, of Estate of Albert N. McClallen, deceased, Petitioner, v. Harrington McClallen et al., Defendants.
Elton R. Heiser, as Executor of Estate of Albert N. McClallen, deceased, Petitioner-Appellee, and Harrington McClallen et al., Defendants-Appellees, v. Thornton McClallen, Defendant-Appellant.

Gen. No. 10,112.

Third District.

April 29, 1957.

Released for publication May 15, 1957.

Cassidy, Sloan & Cassidy, of Peoria, for Thornton McClallen, defendant-appellant.

Frank M. Wanless, of Morton, for Elton R. Heiser, Executor of the Estate of Albert N. McClallen, deceased, petitioner-appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an appeal from a decree of the County Court of Tazewell county, directing the sale of a 40 acre tract of land to pay debts in the estate of Albert N. McClallen, deceased.

The decedent left a will which was admitted to probate on June 10, 1955. By the first item of this instrument, the testator directs his executor to pay his funeral expenses and all his just debts, including costs of administration as soon after his death as convenient. This item also contains the following direction to the executor:

"I also direct that my Executor pay all inheritance taxes and other governmental charges, taxes or liens imposed upon my estate passing under the terms of this, my Last Will and Testament, or upon the interest of any of the legatees, devisees or beneficiaries therein,

by any present or future law of the United States or of any State, relating to the transmission of property by descent or devise, and that all such charges, taxes or liens be considered and treated as expenses and costs of administration of my estate and be paid out of the same before distribution thereof."

The testator then makes a number of cash bequests and provides that if there are not sufficient funds to pay these bequests, that the same be a charge on the real estate passing under the residuary devise. In items 10 through 13 of the will, certain devises of real estate are made. By item 14 all of the rest and residue of the estate is devised and bequeathed to seven named persons, one of whom is the defendant-appellant.

On October 4, 1955, the executor filed a petition for leave to sell 40 acres of land which was a part of the residuary estate to pay debts of decedent. It is alleged in the petition that the total value of the personal property in the estate is $12,799.74; that the total liabilities thereof including death taxes, administration costs and legacies charged against the residuary real estate are $69,643.59; that under the will all real estate is specifically devised except the 40 acre tract passing under item 14 thereof and that such real estate has an estimated value of $60,000. The defendant answered the petition, denying that the liabilities of the estate amount to the sum claimed by the executor and further alleging in substance that the sale of real estate as prayed in the petition will result in the residuary legatees receiving nothing under the will, which was not the intention of the testator; that it was his intention that the death taxes be charged against the whole estate and not solely against the tract of real estate passing under the residuary clause of the will; and that the executor should not sell this single tract but should charge all of the testator's several parcels of real estate proportionately with the death taxes. A

415

further defense alleged is that a suit to contest the will of decedent is pending and undetermined in the Circuit Court of Tazewell county.

Following a hearing on the petition and answer, the County Court directed the sale of the 40 acre tract and this appeal followed.

The primary question to be decided is whether the County Court was correct in determining, as it did, that the executor could not resort to the lands specifically devised as a source of funds to pay debts until he had first exhausted the assets passing under the residuary clause of the will.

██ The defendant argues that the decree should not have singled out for sale the 40 acre tract which is the only real estate going to the residuary devisees because under the will, the death taxes, claims and costs should be charged proportionately against the whole estate. It is pointed out that three of the individuals named in the residuary clause are the closest living relatives of the deceased; that the other four named in said clause including the defendant are cousins of deceased; that if the total of the estimated claims is charged against the residuary estate, it will mean that the residuary devisees will be deprived of any share in the estate; that such a result is contrary to the testator's intention; that since the testator, in the first item of his will, directed payment of the death taxes out of his estate, he must have intended to make such tax charge payable out of his whole estate and that if such a construction is not placed on the will, it will mean disinheriting defendant and other relatives, which result the law does not favor. Desmarteau v. Fortin, 326 Ill. 608 and Smith v. Garber, 286 Ill. 67 are cited in support of such argument. In both of these cases, the court followed the well established rule that any ambiguity in a will should be resolved in favor of the heir in preference to persons not so closely related.

Clearly these cases are not applicable to the situation before us on this appeal. Here we deal with no ambiguous or dubious words. The testator expressly provided that all inheritance taxes and other governmental charges, taxes or liens imposed upon his estate or upon the interest of any of his beneficiaries should be treated as costs of administration and paid out of his estate before distribution thereof. Such language leaves no room for doubt or uncertainty. The testator having expressed his intention that the death taxes be paid out of his estate and not charged against the specific legacies, the executor was required to follow such direction and treat such taxes as an indebtedness of the estate. The practice of providing by appropriate language in a will that specific legacies shall not be burdened with inheritance taxes is not an uncommon one and the legal effect thereof is generally understood to be that such taxes shall be paid from the residuary estate.

██ ██ Where as in this case it becomes necessary to sell real estate of a testator for the payment of debts, it is the established rule that land passing under a residuary devise must be sold first and it is error to decree a sale of land passing under a specific devise before the residuary real estate has been resorted to and exhausted. In Rayborn v. Grand Lodge, I. O. O. F., 234 Ill. App. 183, the court states the rule and the basis therefor to be as follows:

"The general rule has always been that a specific legacy is a gift of a specific part of a testator's estate, identified and distinguished from all things of the same kind, and can only be satisfied by the delivery of the particular thing, and that if the estate, for any reason, should turn out to be less than the testator anticipated, or if for any reason there is required an abatement as to any of the legacies, general legacies, or residuary funds must first be abated before any

abatement of the specific legacies could be required. (Citing cases).

"This principle of law has been so universally recognized and of such elementary application that its mere suggestion indicates that it is applicable in this case. With this record before the lower court, even though appellants were in default, it was error to decree the sale of the 'Kennedy Farm' lands before the lands passing under the residuary clause of the will had been resorted to for the payment of debts and exhausted."

The 40 acre tract was a part of the residuary estate and the court properly decreed its sale to pay debts of the estate.

■ Defendants further contention that the County Court erred in entering the decree herein while a suit to contest decedent's will was pending is without merit. The fact that a purchaser of the real estate might take with notice of the pending will contest case would in no way restrict the power of the County Court to authorize the executor to proceed with a sale of real estate to pay debts in the due course of the administration of the estate.

Finding no error in the record and being convinced that the decree found ample support in the evidence, the same will be affirmed.

Affirmed.