WALTER H. MERCER, JR., ARLENE MERCER GARNER AND HUSBAND, HENRY J. GARNER, AND WILLARD RAY MERCER v. VIVIAN D. MERCER, BRANCH BANKING & TRUST COMPANY, GUARDIAN OF VIVIAN D. MERCER, A MINOR, J. H. THOMPSON, TRUSTEE, SALLIE BASS THOMPSON AND HUSBAND, J. H. THOMPSON, MAY BASS NEWSOME, N. R. BASS AND WIFE, ESSIE BASS, HUBERT L. BASS, WALDENE BASS McCLENNY AND HUSBAND, G. A. McCLENNY, AND WALTER MERCER.

(Filed 9 March, 1949.)

**1. Wills § 33h—**

The common law rule against perpetuities, which is a mandate of law to be obeyed irrespective of the question of intention, is recognized and enforced in this State. N. C. Const., Art. I, sec. 31.

**2. Same: Trusts § 3a—**

The rule against perpetuities which prescribes that title must vest within the life or lives of persons in being and twenty-one years and ten lunar months thereafter, applies to private trusts.

**3. Same—**

Where a private trust violates the rule against perpetuities, the court will not limit the duration of the trust but will declare the whole trust invalid.

**4. Wills § 33h—**

Testator devised property in trust for the benefit of his daughter during her lifetime and then for the benefit of her surviving children without limitation over after the death of such issue and without provision for final termination of the trust. The daughter died leaving her surviving two children who were living at the time of the execution of the will and two children who were born subsequent thereto. *Held:* Under its terms the trust could not terminate until the death of the last child of testator's daughter, and therefore the trust is void as violative of the rule against perpetuities, since title might not vest in a person having the power of alienation until long after the period prescribed by the rule.

APPEAL by plaintiffs from *Bone, J.,* October Term, 1948, WILSON. Reversed.

Civil action in which the plaintiffs pray a decree adjudging a testamentary trust void for that it is violative of the rule against perpetuities, heard on motion for judgment on the pleadings.

Nathan Bass in his will devised the *locus* to his daughter, Vivian Mercer, in fee. Thereafter he executed a codicil, the pertinent part of which is as follows:

"All the real and personal property in my said last will and testament devised and bequeathed to my daughter, Vivian Mercer, I hereby give, devise and bequeath unto my trusted son in law, J. H. Thompson, in special trust and confidence and upon the following uses and trusts, to-wit:

"He shall take possession of all the real estate devised unto my daughter, Vivian Mercer, and hold the same in trust for her during the term of her natural life . . . in the event of the death of my daughter . . . the said Trustee shall take possession of and rent the same out according to his best judgment and the said rents so received by him after the payment of taxes . . . he shall use for the support, sustenance, education and benefit of the children of my daughter, Vivian Mercer, surviving her . . ."

Nathan Bass died on or about 30 May 1926. At the time of his death, his daughter, Vivian Mercer, was 29 years of age and had two children, plaintiffs Walter H. Mercer, Jr., and Arlene Mercer Garner. Thereafter there were born to her two other children, plaintiff Willard Ray

Mercer and defendant Vivian D. Mercer. Testator's daughter died 21 December 1944, leaving surviving said four children. Upon the death of Nathan Bass, the trustee named in his will took possession of the property devised to him in the testator's codicil and is now in possession thereof.

The plaintiffs instituted this action to have the trust declared void as violative of the rule against perpetuities. Defendants answered. Thereupon plaintiffs moved for judgment upon the pleadings. When the motion came on to be heard in the court below, the judge entered judgment denying the motion, decreeing that said trust is not violative of the rule against perpetuities, and dismissing the action. Plaintiffs excepted and appealed.

*Z. Hardy Rose and Lucas & Rand for plaintiff appellants.*
*F. L. Carr and L. H. Gibbons for defendant appellees.*

BARNHILL, J. The court below not only denied the motion of plaintiffs for judgment on the pleadings, but also affirmatively adjudged, without objection or exception, that the trust created by the testator's codicil to his will is valid. Hence the one question presented for decision is this: Is said trust within the rule against perpetuities?

Much has been written on the subject of perpetuities. Repetition here would serve no useful purpose. Suffice it to say that the common law rule against perpetuities is recognized and enforced in this State.

This rule is not one of construction but a positive mandate of law to be obeyed irrespective of the question of intention. N. C. Const., Art. I, sec. 31; *Lockhart's Estate,* 306 Pa. 394, 159 A. 874; *Re Friday,* 313 Pa. 328; 170 A. 123, 91 A.L.R. 766; 41 A.J. 58. Its primary purpose is to restrict the permissible creation of future interests and prevent undue restraint upon or suspension of the right of alienation. Whenever the future interest takes effect, or the right of alienation is suspended beyond the period stipulated in the rule, it is violative thereof. 41 A.J. 74.

While there are some cases *contra,* the great preponderance of authorities in the United States is to the effect that the rule applies to private trusts. 1 Bogert, Trusts and Trustees, 670, 680, and cases cited in note, p. 680. *Billingsley v. Bradley,* 166 Md. 412, 171 A. 351, 104 A.L.R. 274. The decisions of this Court are in line with the majority view. "A trust for private purposes must terminate within a life or lives in being and twenty-one years and ten lunar months thereafter." *Trust Co. v. Williamson,* 228 N.C. 458; *Springs v. Hopkins,* 171 N.C. 486, 88 S.E. 774.

The rule is thus applied for the reason a trust violative of the rule in duration effects an undue postponement of the direct enjoyment of the property and works an unreasonable restraint on alienation.

If the period of the trust is too long, the court does not reduce the limitation to lives in being and twenty-one years, but declares the whole trust invalid. 1 Bogert, Trusts and Trustees, 680, and cases cited in note.

Had Vivian Mercer died without issue surviving, the estate would have vested free of the limitations of the trust within the prescribed time. But such is not the case. She left issue surviving, two of whom were not in being at the time of the death of the testator. Still others might have been born to her. Gray, Perpetuities, 4th Ed., 214, sec. 215. There is no limitation over after the death of such issue and no provision for the final termination of the trust. Certainly it continues until the death of the survivor. Whether the title then vests in the heirs of testator or the heirs of the grandchildren, there is a future interest which may not vest in the ultimate takers free of the trust limitation until long after the expiration of the prescribed period. In the meantime, the trust continues and the property is fettered thereby, with title vested in no one having the power of alienation. The rule is designed to guard against just this type of situation. 1 Bogert, Trusts and Trustees, 640; *Ibid.* 670, sec. 218.

It follows that the trust the testator attempted to create in his codicil is void. Hence the judgment below must be

Reversed.