DUFF-NORTON COMPANY, a CORPORATION, v. E. PAT HALL, A. ALEX SHU-
FORD, JR., INDIVIDUALLY AND TRADING UNDER THE PARTNERSHIP NAME OF
ARROWOOD, AND THEIR WIVES, HOPE P. HALL AND ALICE G. SHU-
FORD; ARROWOOD, INC., A CORPORATION, AND SOUTHERN RAILWAY
COMPANY, A CORPORATION.

(Filed 12 October, 1966.)

**1. Bill of Discovery § 2—**

Motion and affidavit disclosing that plaintiff had given defendant a pre-
ferred right to buy at the market price certain lands whenever defendants
desired to sell, and that defendants had sold the optioned property to a
third person without giving plaintiff an opportunity to purchase, *held*
sufficient to invoke the discretionary power of the court to grant an in-
spection of documents to disclose the purchase price of the tract of land,
which included the parcel of land in question, which defendants had sold
to the third person, for the purpose of enabling plaintiff to prepare its
complaint. G.S. 8-89.

**2. Vendor and Purchaser § 1—**

An option giving lessee of a tract of land a preferred right to purchase
a contiguous tract at the market price whenever lessor desired to sell does
not violate the rule against perpetuities notwithstanding the lease, with
renewals, might extend forty years, and, the option being registered, the
lessee may maintain an action for specific performance.

APPEAL by defendants from *Clarkson, J.*, at January 10, 1966,
Non-Jury Term of MECKLENBURG Superior Court.

Prior to 5 November, 1959, the individual defendants, Hall and
Shuford, owned a certain tract of land in Mecklenburg County con-
taining approximately 2,000 acres now known as the Arrowood De-
velopment. On that date the plaintiff leased from the individual de-
fendants, for 20 years, a part of that tract containing some 26
acres. The lease contained an option to renew for four periods of
five years. By agreement dated 8 June, 1960, the individual defend-
ants granted, among other things, the plaintiff a pre-emptive right
to purchase a certain 13.5512-acre tract of land adjoining the 26
acres that plaintiff had leased from the defendants. One of the pro-
visions of the Option Agreement, which was duly recorded, provided
that if the individual defendants decided to sell that tract, it would
be "for the same price for which the parties of the first part (the
individual defendants) would be willing to sell to any other per-
son."

Subsequent to the above Option Agreement, the individual de-
fendants, on 1 December, 1960, conveyed this 13.5512-acre tract of
land, as part of the larger tract of 2,000 acres, to the defendant
Arrowood, Inc., without first offering the tract to the plaintiff as
provided by the Option Agreement. This corporation was wholly
owned by Hall and Shuford.

On 30 June, 1965, the individual defendants sold all of the stock of Arrowood, Inc., to defendant Southern Railway Company.

The plaintiff then began proceedings against the defendants to obtain specific performance of the Option Agreement. In order to prepare its complaint the plaintiff filed a verified motion for an order pursuant to G.S. 8-89 for inspection and production of certain writings and documents in the possession and control of the defendants. The facts stated herein were set forth in the motion. Judge Clarkson heard the motion and in his discretion ordered that the individual defendants and the defendant Arrowood, Inc., produce for inspection such paperwritings as would disclose (1) the amount of consideration attributable to the 13.5512-acre tract when it was conveyed to the defendant Arrowood, Inc., or if none was allocated to this specific tract, the dollar amount of consideration paid for the entire tract known as Arrowood Development; (2) the price paid by Southern Railway Company, or its subsidiary, for the stock of Arrowood, Inc.; and (3) an agreement between the individual defendants and the Southern Railway Company, or its subsidiary, as to what part of the purchase price paid for the stock was allocated to the 13.5512-acre tract should Arrowood, Inc., fail to have clear title to it.

The defendants appealed.

*Moore & Van Allen by John T. Allred for plaintiff appellee.*

*Clayton & London for defendants E. Pat Hall, A. Alex Shuford, Jr., and Arrowood, Inc.*

*Jones, Hewson & Woolard for Southern Railway Company.*

Pless, J.  G.S. 8-89 specifically provides that a Judge has discretion to make orders with reference to the inspection of documents. To reverse Judge Clarkson the defendants would have to establish an abuse of discretion on his part.

In view of the affidavit and motion which sets forth: (1) an option for the benefit of the plaintiff; (2) a sale by the defendants of the optioned property; and (3) the failure of the optionors to give plaintiff an opportunity to purchase the property, it could hardly be said the plaintiff's motion was without foundation. That being true, the court was justified in affording it access to information upon which to prepare its complaint.

In defendants' brief the argument is made that information as to the purchase price of 2,000 acres of land would give no substantial basis for determining the price or value of a small fraction of the boundary. This contention may or may not be well founded, but the plaintiff is entitled to the information in order to determine its

course. The location, accessibility and advantages of the small tract will undoubtedly enter into its value, but the litigation has not yet proceeded to the point where this feature is to be determined.

The proposition that an action for specific performance will lie under the facts alleged herein is hardly debatable. " 'A contract, whereby one party, for a valuable consideration, grants to another an option on terms, conditions, and for a time, specified, to call for the doing of a certain act, constitutes an irrevocable offer which, on acceptance in accordance with its terms, gives rise to a contract that may be specifically enforced,' " *Byrd v. Freeman,* 252 N.C. 724, 114 S.E. 2d 715, and other authorities there cited.

The defendants invoke the rule against perpetuities, since the option of the plaintiff could extend for a total period of 40 years. However, at this stage of the proceedings we are of opinion that this position is premature. *Mercer v. Mercer,* 230 N.C. 101, 52 S.E. 2d 229. *Weber v. Texas Co.,* 83 Fed. 2d 807, where it is said: "* * * This is not an exclusive option to the lessee to buy at a fixed price which may be exercised at some remote time beyond the limit of the rule against perpetuities, meanwhile forestalling alienation. The option simply gives the lessee the prior right to take the lessor's royalty interest at the same price the lessor could secure from another purchaser whenever the lessor desires to sell. It amounts to no more than a continuing and preferred right to buy at the market price whenever the lessor desires to sell. This does not restrain free alienation by the lessor. He may sell at any time, but must afford the lessee the prior right to buy. The lessee cannot prevent a sale. His sole right is to accept or reject as a preferred purchaser when the lessor is ready to sell. The option is therefore not objectionable as a perpetuity."

We have considered the other contentions made by the appellants but are of the opinion that the order of Judge Clarkson was proper, and it is hereby

Affirmed.