DAVID JACK GOLD, Executor of the Last Will and Testament of
EDNA P. GOLD, Deceased, Plaintiff v. ELMER PRICE and wife,
FLOY B. PRICE, IRENE P. WHITWORTH and husband, J. A.
WHITWORTH, RUTH P. PALMER and husband, BEN C. PAL-
MER, AGNES W. PEARSON and husband, FOLKE PEARSON,
CECIL C. WEAVER and wife, ROSA C. WEAVER, HERBERT K.
WEAVER and wife, BESSIE S. WEAVER, MAUDE W. MAR-
GADONNA and husband, THOMAS A. MARGADONNA, CHARLES
D. WEAVER, JR., and wife, MAXINE H. WEAVER, RONALD LEE
WEAVER and wife, GLADYS B. WEAVER, SHEILA W. HAWKINS
and husband, JOLLY C. H. HAWKINS, GEORGE B. WEAVER
and wife, ELIZABETH WEAVER, NORENE P. HUNT, and hus-
band, GRIER HUNT, and MATHEW PAT MAUNEY, BILLY J.
JONES and E. B. PACKARD, Trustees of SANDY PLAINS BAP-
TIST CHURCH, Defendants

No. 7427SC933

(Filed 19 February 1975)

1. Trusts § 1— provision of will — failure to provide funds — trust not
created — honorary trust

Provision of a will directing the executor to "see that Tom Gold
and Edna P. Golds graves are kept decent" did not create a trust for
maintenance of the graves since testatrix did not provide any funds to
maintain the graves; even if a trust were created, it would be an
honorary trust which is unenforceable.

2. Wills § 55— gift of "moneys" — real estate not included

Provision of a holographic will stating, "If any moneys left it will
go to Sandy Plains Church" did not dispose of testatrix' real property,
since testatrix used the word "moneys" in its ordinary sense in a
previous portion of the will.

APPEAL by defendants Elmer Price and wife, Floy B. Price
from *Falls, Judge.* Judgment entered 25 September 1974, in
Superior Court, CLEVELAND County. Heard in the Court of Ap-
peals 22 January 1975.

This action was brought under the Declaratory Judgment
Act by David Jack Gold, Executor of the will of Edna P. Gold,
against Elmer Price, the only surviving brother of the deceased,
and his wife; the heirs at law and next of kin of decedent; and
Sandy Plains Baptist Church, requesting the court to interpret
the will of Edna P. Gold and to determine the rights of the
parties with respect to ownership of decedent's property. When

testatrix died, she owned some money, some furniture and the home where she lived. Her holographic will provided as follows:

"4-15 1970

"I Edna P. Gold being of sound mind and memory do make and declare this my last will and testament that my Executor hereinafter named shall give my body a decent burial and pay all my Funeral expenses with vault, and pay my just debts out of the First moneys also see that Tom Gold and Edna P. Golds graves are kept decent. If any moneys left it will go to Sandy Plains Church. Also my Furniture be sold to the high bidder.

Executor  s/ DAVID JACK GOLD
Witness   s/ MARSHALL O. CLINE
Witness   s/ RAY BRIDGES"

From judgment holding that the "title to real estate owned by the testatrix at the date of her death, together with the cash, after the payment of debts and funeral expenses, passes to Sandy Plains Baptist Church, Cleveland County, North Carolina," and that testatrix created no trust for the maintenance of her grave and Tom Gold's grave since she provided no funds to carry out such trust, defendants appealed. Additional facts necessary for decision are set forth in the opinion.

*Joseph M. Wright for plaintiff appellee, Executor of the Estate of Edna P. Gold, deceased.*

*Reuben L. Elam for defendant appellant, Elmer Price.*

*Hamrick, Mauney & Flowers, by Joe Mauney, for defendant appellee, Trustees of Sandy Plains Baptist Church.*

MORRIS, Judge.

[1] In their first assignment of error defendants contend the trial court erred in holding that testatrix did not create a trust for the maintenance of her grave and Tom Gold's grave. We find this assignment of error without merit for several reasons. First, as we pointed out in *Starling v. Taylor,* 1 N.C. App. 287, 290-291, 161 S.E. 2d 204 (1968), "[i]t is well settled in this State that three circumstances must concur in order to constitute a valid trust: (1) sufficient words to raise a trust, (2) a definite subject or trust *res,* and (3) an ascertained object. [Citations omitted.]" Here, testatrix did not provide any funds to

maintain the graves. Consequently, the second element necessary to create a trust, a definite subject or res, is missing. Second, even if a trust had been created, which we do not concede, it would be an honorary trust, rather than a charitable trust, since it would not benefit the public as a whole. Such a trust is not enforceable. It may be put into effect or ignored at the option of the person named trustee since he "has only a power and not a duty to apply the property." Restatement of Trusts 2d, § 124, p. 264 (1959).

[2] Defendants next contend that the trial court erred in concluding "that the Sandy Plains Baptist Church is the sole beneficiary under the terms of the will" and that it was "the intent of the testatrix that the word 'moneys' is synonymous with the word 'funds' and is construed in its broadest sense and includes not only cash but real property as well." They maintain that in using the language "[i]f any *moneys* left it will go to Sandy Plains Church", testatrix was not attempting to and did not dispose of her real property; that the real estate, therefore, passes to them, her heirs, under the rules of intestate succession. (Emphasis supplied.) We find defendants' argument persuasive.

It is well settled in this State that in construing wills "[g]enerally, ordinary words are to be given their usual and ordinary meaning. . . . " *Clark v. Connor*, 253 N.C. 515, 521, 117 S.E. 2d 465 (1960). Moreover, there is a presumption that "if words are used in one part of the will in a certain sense, the same meaning is to be given to them when repeated in other parts of the will, unless a contrary intent appears." *Taylor v. Taylor*, 174 N.C. 537, 539, 94 S.E. 7 (1917), cited in *Anders v. Anderson*, 246 N.C. 53, 57, 97 S.E. 2d 415 (1957).

Here, testatrix possessed no special skills in drafting wills. She executed her holographic will using everyday words of conversation. Especially where, as here, testatrix earlier used the word "moneys" in its ordinary sense, we are of the opinion that the word cannot be construed to include her real property. We find additional support for our holding in 173 A.L.R. 656, 662 (1950) where it is stated that "[w]hile the word 'money' may be broad enough to include real estate, it will not be deemed to do so, unless the intention so to use it is clearly manifest on the face of the will and put beyond all reasonable doubt. [Citation omitted.]" In the case at bar we do not find language clearly manifesting an intention on the part of the testatrix to use the word "moneys" to include her real property.

Finally, we note that there is a long standing presumption against disinheritance. An "heir should not be disinherited except by express devise or by one arising from necessary implication, by which the property is given to another, . . . " *Dunn v. Hines,* 164 N.C. 113, 117, 80 S.E. 410 (1913). For the foregoing reasons, defendants' assignment of error is sustained and the decision of the trial court is hereby reversed.

Reversed.

Judges PARKER and HEDRICK concur.