ALVIN PALMER, LOUISE ROSS, ELSIE HYATT AND VIRGINIA
HONEYCUTT v. MARY KETNER, INDIVIDUALLY, CLARENCE W.
FOWLER, DOUGLAS WORSHAM, JOHN M. SEASE, TRUSTEES OF
THE ESTATE OF E. K. PARTON

No. 7530SC799

(Filed 21 April 1976)

1. **Wills § 59— subscribing witness — right to question validity of provisions**

    The subscribing witness to a will is not required to read it, and the witness's signature is only an affirmation that a statutory requirement was complied with and does not constitute an acceptance or endorsement of the will's provisions; therefore, in this declaratory judgment proceeding to interpret testator's will and to determine various rights in testator's estate, defendant Ketner who was a subscribing witness to the will, was not thereby estopped to question the validity of remainder provisions of the will.

2. **Wills § 16— failure to file caveat — no standing to file caveat — subsequent attack on validity of provisions — no estoppel**

    Failure of defendant Ketner to file a caveat to testator's will did not constitute an estoppel of defendant to question later the validity of remainder provisions of the will, since defendant was not an heir-at-law of testator at the time of his death and had no standing to file a caveat.

3. **Declaratory Judgment Act § 1— declaratory judgment proceeding — right of litigant to contest part of will**

    Though the N. C. Supreme Court has held that a plaintiff may not bring an action for a declaratory judgment holding a will, contract or other instrument valid, it has not held that every document involved in a declaratory judgment action must be deemed valid and enforceable; therefore, plaintiffs' contention that a litigant may not contest any part of a will in a declaratory judgment action is untenable.

4. **Wills § 41— creation of trust — rule against perpetuities violated — law of intestate succession applicable**

    Provisions of testator's will setting up trust for the benefit of his mother and sister for the duration of their lives, and providing that the trust would continue for a period of 25 years after the death of the sister, or beyond the 25 years until all children of testator's youngest sister reached the age of 21 violated the rule against perpetuities, since at the death of the testator the possibility existed that the trust would not terminate and the remainder interest would not vest until more than 21 years, plus the period of gestation, after some life or lives in being at the time of testator's death; therefore, by intestate succession the property involved must pass to the heirs at law and next-of-kin of the testator, and by will the interest of one of testator's sisters passed to defendant Ketner.

APPEAL by defendant, Mary Ketner, from *Lewis, Judge.* Judgment entered 30 June 1975, Superior Court, HAYWOOD County. Heard in the Court of Appeals 22 January 1976.

This action was brought under the Declaratory Judgment Act to interpret the testator's will and determine various rights in testator's estate. Defendant Mary Ketner answered and contested the proposed interpretation of the will. The facts are stipulated. Testator died 25 November 1931, and his will was probated on 12 December 1931. Defendant Mary Ketner was a subscribing witness to the will; no caveat to the will was filed. The will provides in pertinent part as follows:

"Item I; I, E. K. Parton, do hereby will, bequeath and convey all property both real estate and personal property, with which I die seized, to J. J. Carpenter, Mrs. Frank Henry, and Mrs. Chauncey Palmer, Trustees; to be used in the following manner and to be disposed of in the following ways at the end of said trust.

\*    \*    \*    \*

Item III, section one; That after all debts and funeral expenses have been paid that the whole of my property, both personal and real estate, be held in trust for the benefits of my mother, and my sister, Vesie, so long as either or both of them may live.

Section; two: Provided further, that the said appointed trustees so use, conducts and maintains this property as to secure the greatest amount of revenue from it, and after taxes and maintaining expenses have been deducted to turn over to my mother and sister Vesie all rents and profits (~~proceeds~~) from (~~to~~) said property; less the trustees' fees.

Item IV, section, one; Provided further that after the death of both my mother and sister Vesie that the whole of the property may be conducted as follows:

\*    \*    \*    \*

[Provisions for funeral and gravestone expenses.]

Item; V; section one: That after all expenses about mentioned and any other necessary expenses arising from the burial of my mother, sister Vesie, and the placing of the grave markers, have been paid; then it is my will that the trustees as named in the first part of this will con-

tinue the estate in trust and divided equally the revenues between them or their assigns for a period of twenty-five years or if at the end of this time there is any heir of my youngest sister that is not twenty-one years of age, then this trust be continued until such an heir shall have reached his or her majority.

\*    \*    \*    \*

Item VII; section one: Provided that should a vacancy occur in the board of trustees that the two remaining trustees immediately appoint another to take that place.

Section two: That this trustee be appointed out of my own relatives, if any competent one survive, if not that he or she be appointed from any good, upright citizen.

Item VIII, section one: Provided that after all the heirs of my youngest sister have reached their majority, and after this trust has run at least twenty-five year (It is to stay in force more than twenty-five years if all the heirs of my youngest sister have not reached their majority) then the trustees who are acting at such a time shall liquidate the trust and pay to (look) the heirs (by blood kin of) my sisters Louisa Carpenter, Rena Henry and Leah Palmer per sterpes equal shares share and share alike and not per sterpes . . . . "

Testator's mother, Laura Parton, died on 22 May 1938 and testator's sister, Vesie Parton, died on 23 November 1971. Testator's other sisters included Louisa Carpenter, who died 31 January 1971, leaving no children; Rena Henry, who died 28 May 1958 leaving one child, plaintiff Virginia Honeycutt; and Leah Palmer who died on 30 November 1974, leaving three children, plaintiffs Alvin Palmer, Louise Ross and Elsie Hyatt. Testator had two other sisters, Frances Shelton and Nettie Teague, who were not beneficiaries of his will. All of testator's nieces and nephews were over 21 when his sister Vesie died in 1971.

Louisa Carpenter, having no children, devised and bequeathed her interest in testator's estate to defendant Mary Ketner, daughter of Frances Shelton. As vacancies arose among the trustees, new trustees were not appointed as directed by the will. After the original trustees had died, Clarence W. Fowler, Douglas Worsham and John M. Sease were appointed successor

trustees in a special proceeding; they took no position on the questions raised.

The trial court adjudged that plaintiffs were entitled to receive the corpus of the trust and that Mary Ketner had no interest in testator's estate. From this declaratory judgment defendant Ketner appeals.

*Brown, Ward & Haynes, P.A., by Woodrow H. Griffin for plaintiff appellees.*

*Millar, Alley & Killian by Leon M. Killian III for defendant appellant, Mary Ketner.*

CLARK, Judge.

[1, 2]    The trial court ruled "That there having been no caveat to the will of E. K. Parton and particularly in view of the fact that Mary Ketner was a subscribing witness, the said Mary Ketner is estopped to deny that the trust corpus should be distributed to the heirs of Rena Henry and Leah Palmer." We find that the court erred in this conclusion. The subscribing witness to a will is not required to read it, and the witness's signature is only an affirmation that a statutory requirement was complied with and does not constitute an acceptance or endorsement of the will's provisions. Nor does the failure of defendant Ketner to file a caveat constitute an estoppel. She was not an heir-at-law of testator at the time of his death and had no standing to file a caveat.

[3]    Plaintiffs rely on *Farthing v. Farthing,* 235 N.C. 634, 70 S.E. 2d 664 (1952), for the proposition that a litigant may not contest any part of a will in a declaratory judgment action. In *Farthing* it was held that a plaintiff may not bring an action for a declaratory judgment holding a will, contract or other instrument invalid; it does not hold that every document involved in a declaratory judgment action must be deemed valid and enforceable. The defendant Ketner is not estopped to question the validity of the remainder provisions of the will.

[4]    The trial court concluded that upon the death of Vesie Parton on 23 November 1971, only Leah Palmer survived from the three original trustees, and that she would have been entitled to the "revenues" of the trust for a period of twenty-five years provided she lived that long, but upon her death on 30 November 1974, by acceleration of their remainders the trust

property vested in plaintiffs, the heirs of testator's sisters, Louisa Carpenter, Rena Henry and Leah Palmer.

Defendant assigns error in this conclusion, contending that testator intended that the substitute trustees, after the original trustees named in the will had died, would continue receiving the income from the trust for a period of twenty-five years after the death of Vesie Parton, and the remainder would not vest until the termination of the trust. If the will is so interpreted it would violate the rule against perpetuities. Under this rule, "[n]o devise or grant of a future interest in property is valid unless the title thereto must vest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void." *Clarke v. Clarke*, 253 N.C. 156, 161, 116 S.E. 2d 449, 452-53 (1960). The remaining provisions of the will would be void; the estate would pass to the heirs of the testator, which included his sister, Louisa Carpenter, and the devise of her interest in the estate of the defendant Mary Ketner would effectively transfer such interest.

Nothing else appearing, terms used in a will must be construed so as to accomplish the intent of the testator, which is determined from the will itself and the surrounding circumstances known to the testator. As to the property devised or bequeathed, the will is construed as if executed immediately prior to the testator's death. G.S. 31-41. As to the identity of the devisee or legatee, however, it is to be construed, nothing else appearing, in the light of circumstances known to the testator at the time of its actual execution. *Peele v. Finch*, 284 N.C. 375, 200 S.E. 2d 635 (1973). There is a long presumption against disinheritance. An heir should not be disinherited except by express devise or by one arising from necessary implication, by which the property is given to another. *Gold v. Price*, 24 N.C. App. 660, 211 S.E. 2d 803 (1975).

The ultimate beneficiaries of the corpus of the trust were the heirs of testator's three sisters named in the will. These heirs received no benefits under the trust until the trust terminated. Only then do they have a beneficial interest. The heirs of the named sisters are not ascertainable at the death of the testator and cannot be ascertained until the termination of the trust, which marks the time of vesting. *Parker v. Parker*, 252 N.C. 399, 113 S.E. 2d 899 (1960) ; *Carter v. Kempton*, 233 N.C.

1, 62 S.E. 2d 713 (1950). In the recent case of *Roberts v. Bank,* 271 N.C. 292, 156 S.E. 2d 229 (1967), where the testator established a trust for his daughter for life, with the corpus to go at her death, *per stirpes,* to his other children, it was held that the remainder interest vested as of the time of the testator's death. While we have some difficulty in distinguishing the rule in *Roberts* from the rule in *Parker* and *Carter,* apparently those cases are not overruled by *Roberts. Sub judice,* it appears clear from the language in the will, particularly the use of the term *per stirpes* and the substantial lapse of time between the death of testator and the termination of the trust, that the remainder interests could not be ascertained and did not vest until the termination of the trust.

At the death of the testator the possibility existed that the trust would not terminate and the remainder interest would not vest until more than twenty-one years, plus the period of gestation, after some life or lives in being at the time of testator's death. The trust was to continue at least twenty-five years after the death of testator's mother and sister Vesie and after their burial expenses and cost of grave markers had been paid. The mother and sister Vesie and the named trustees might die more than twenty-one years and ten lunar months prior to the termination of the trust. Therefore, the trust provisions of the will violate the rule against perpetuities and are void. By intestate succession the property involved must pass to the heirs at law and next-of-kin of the testator, E. K. Parton; and the sister Louisa Carpenter owned an interest in the estate at the time of her death on 31 January 1971 which she devised to her niece, the defendant Mary Ketner.

Plaintiffs contend that the trust terminated upon the deaths of testator's mother and sister Vesie because the duties of the trustees ceased to exist, the trust became passive, and the legal and equitable titles merged. We reject this contention since Item III imposed the duty on the trustees to use, conduct and maintain the property so as to secure the greatest amount of revenue from it, and this responsibility continued after the death of the mother and sister Vesie.

Nor do we agree with plaintiff's contention that upon the death of Vesie Parton, Leah Palmer was the sole remaining trustee and sole beneficiary of the trust income, which would merge the estate and terminate the trust. The testator provided for three trustees and for successor trustees if a vacancy oc-

curred, and that they would receive the trust income for at least twenty-five years after the deaths of his mother and sister Vesie. The record on appeal consisted of the pleadings, the will, and stipulations, none of which gave us the surrounding circumstances existing at the time the will was made. For interpretation of the will we are confined to the will itself. We have no knowledge of the kind, amount, or value of the estate property or the income therefrom. We must be guided by the intent of the testator as expressed in the will, and as so expressed the trustees, whether original or successor trustees, were to "conduct and maintain the property and receive the income therefrom for at least twenty-five years until it vested in the ultimate beneficiaries, the heirs of testator's named sisters." We do not find any intent to limit the income to the original trustees so as to terminate the trust and accelerate the remainder.

We find that the trust provisions of the will violate the rule against perpetuities and are void, and that the property involved passed by intestate succession to the heirs-at-law and next-of-kin of E. K. Parton, and that by will the interest of Louisa Carpenter passed to the defendant Mary Ketner.

The judgment is reversed and this cause is remanded for entry of judgment in accordance with this opinion.

Reversed and remanded.

Judges MORRIS and VAUGHN concur.