MARTHA ANDREWS JOHNSON WING AND JANE VIRGINIA ANDREWS
POWER PHILBRICK v. WACHOVIA BANK & TRUST COMPANY, N.A.,
SUCCESSOR TRUSTEE, AND AUGUSTA ANDREWS YOUNG, JULIA MARKS
DOZIER, ALEXANDER A. MARKS, LAURENCE H. MARKS, ALEX B. AN-
DREWS III, JULIA ANDREWS PARK, MARY S. ANDREWS WORTH,
GRAHAM H. ANDREWS, JR., F. M. SIMMONS ANDREWS, AUGUSTA
YOUNG MURCHALL, ELEANOR YOUNG BOOKER, SANDRA JOHNSON
WALKER, RICHARD T. DOZIER, JR., JANE DOZIER HARRIS, WILLIAM
M. MARKS III, RALPH STANLEY MARKS, FRANCES MARKS BRUTON,
JULIA MARKS YOUNG, ELIZABETH MARKS GREEN, JANE MARKS
CLINE, HAL V. WORTH III, JULIA WORTH RAY, SIMMONS HOLLADAY
WORTH, JOHN W. ANDREWS, SARA SIMMONS ANDREWS JOHNSTON
AND MARY GRAHAM ANDREWS ADDITIONAL PARTIES: JESSICA ANNE
MURCHALL EDGMON, MELINDA SUSAN MURCHALL, JOHN ALEX-
ANDER MURCHALL, ROBERT ANDREW BOOKER, PAUL CURTIS
BOOKER, MINOR, WILLIAM CONRAD WALKER, JR., MINOR, JAMES ALEX-
ANDER WALKER, MINOR, TIMOTHY TODD WALKER, MINOR, SHARON
VIRGINIA WALKER, MINOR, ANNE GILCHRIST DOZIER, MINOR,
PATRICIA JANE DOZIER, MINOR, LAURA CROMWELL DOZIER, MINOR
JULIA MARKS HARRIS, CHARLES ANDREW HARRIS III, WILLIAM
MARK HARRIS, MINOR, WILLIAM M. MARKS IV, MINOR, ANN ELVA
MARKS, MINOR, RALPH STANLEY MARKS, JR., MINOR, RICHARD
HUGHES MARKS, MINOR, ALEXANDER ANDREWS GRANT BRUTON,
MINOR, EDWARD MacCAULEY BRUTON, MINOR, FRANCES BRINLEY
BRUTON, MINOR, HAL VENABLE WORTH IV, MINOR, KELLY ANDREWS
WORTH, MINOR, FRED C. RAY III, MINOR, GRAHAM ANDREWS RAY,
MINOR, MABLE Y. ANDREWS, SHERMAN YEARGAN, TRUSTEE, HOWARD
E. MANNING, TRUSTEE, WILLIAM HENRY CLARKSON, JR., OUR LADY
OF LOURDES CATHOLIC CHURCH, JOHN A. McALLISTER, GUARDIAN AD
LITEM

No. 7710SC204

(Filed 21 February 1978)

1. **Wills § 41— testamentary trust—vesting of income rights—rule against perpetuities**

   A testamentary trust providing for the payment of trust income to the named sister and two brothers of testator for life, to eleven named nieces and nephews of testator for life, and to twelve great nieces and great nephews of testator and to those great nieces and great nephews born within 21 years after testator's death, and providing that the trust shall extend during the joint and several lives of testator's named sister and brothers, his named nieces and nephews, his named great nieces and great nephews, and during the joint and several lives of any other nieces and nephews or great nieces or great nephews born prior to and alive at the time of testator's death, and until the death of the last survivor of testator's sister and brothers, the last survivor of his nieces and nephews, and the last survivor of his great nieces and great nephews alive at his death, with a further provision for the shifting of

income to other class members and to other classes as members of each class die, *is held* not to violate the rule against perpetuities as to the income beneficiaries since (1) the sister, brothers, nieces and nephews are persons named in the will and alive at testator's death, and the income interest of all of them will be vested at the death of the last sister, brother, niece or nephew, and (2) the right to income is indefeasibly vested in each great niece and great nephew within twenty-one years after testator's death subject to increase as brothers, sister, nieces and nephews die.

**2. Wills § 41— testamentary trust—vesting of corpus—rule against perpetuities**

The vesting of the corpus of a testamentary trust did not violate the rule against perpetuities where testator's will is to be construed in one of two possible ways: (1) the will did not dispose of the corpus after the termination of the trust, and the corpus thus vested in testator's heirs at law at his death, with possession postponed until the trust terminates; or (2) the will by implication gives the corpus to members of the last class of income beneficiaries, testator's great nephews and great nieces, or to their estates, in the proportion of their income interests at the time of the termination of the trust, and the corpus is thus vested in great nephews and great nieces or their estates at the time their income rights are completely vested.

APPEAL by plaintiffs and defendant, A. B. Andrews III, from *Herring, Judge.* Judgment entered 2 December 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 17 January 1978.

This appeal brings to the Court the question of whether a limitation by the will of Alexander B. Andrews violates the rule against perpetuities. The plaintiffs brought an action under our Declaratory Judgment Act, G.S., Chap. 1, Art. 26, to have the limitation declared violative of the rule. The Supreme Court of North Carolina has passed on other matters involving this will. *Trust Co. v. Andrews*, 264 N.C. 531, 142 S.E. 2d 182 (1965).

The parts of the will on which the disposition of this case depends are as follows:

"2. . . . I give, devise, and bequeath the remainder of my estate, of whatsoever kind, character or description, whether real or personal, into the hands of my brothers J. H. Andrews and G. H. Andrews, their successor or successors and associate or associates, as trustee or trustees, to have and to hold . . . upon the following uses and trusts, . . .

(a) . . . they shall divide the annual income into twenty equal parts or shares which shall be disposed of as set out in items

(b) One share of the net income shall be annually paid to my sister Mrs. Jane Andrews Marks, . . . for and during her natural life.

(c) One share of the net income shall be annually paid to my brother John H. Andrews, . . . for and during his natural life.

(d) One share of the net income shall be paid to my brother Graham H. Andrews, . . . for and during his natural life.

(e) One share of the net income shall be divided into equal parts, or divisions, and paid to my eleven (11) nieces and nephews; namely, [naming them] for and during their lifetime.

(f) Upon the death of either my sister Jane H. Andrews or my brothers John H. Andrews or Graham H. Andrews, the one share severally allotted to them shall cease, and it shall be allotted to, and added to, the one share to be divided among the eleven (11) living nieces and nephews, which directions shall apply to each of these three shares to my sister and two brothers.

(g) Upon the death of anyone of my now living eleven (11) nieces and nephews, his or her share shall cease and the division of this share remaining among the nieces and nephews shall be only to those then alive.

(h) When the number of nieces and nephews shall be reduced by death down to four, then the annual share of any one dying thereafter shall not be divided among those surviving, but then such share or shares shall be added to the sixteen shares to be divided among my great nieces and great nephews.

(i) The income from the sixteen shares shall be equally divided among my great nieces and nephews, now twelve (12) in number, and those who hereafter may be born within twenty-one (21) years after my death, they to share equally with the others.

\*     \*     \*

6. The trust created by this will shall extend for, and during, the joint and several lives of my two surviving brothers and sister, namely: [naming them]

\*     \*     \*

Also, shall extend for, and during, the joint and several lives of my eleven surviving nieces and nephews, namely: [naming them]

\*     \*     \*

Also, shall extend for, and during, the joint and several lives of eight (8) great nieces and four (4) great nephews, namely: [Mr. Andrews actually named only ten great nieces and great nephews]

(b) And for and during the joint and several lives of any other nieces or nephews or great nieces or great nephews born prior to, and alive at the time of my death, and until the death of the last survivor of my brothers and sister, and the last survivor of my nieces and nephews, and the last survivor of my great nieces and nephews (alive at my death), as just above referred to, and no longer."

Mr. Andrews' will is dated 21 November 1945, and was admitted to probate in 1946. Judge Herring denied the plaintiffs' motion for judgment on the pleadings and dismissed the action, holding that the limitation does not violate the rule against perpetuities.

*Vaughan S. Winborne, for plaintiff appellants.*

*Emanuel and Thompson, by W. Hugh Thompson, for defendant appellant, Alex B. Andrews III.*

*Joyner and Howison, by Henry S. Manning, Jr., for Wachovia Bank & Trust Company, N.A., Successor Trustee under the will of A. B. Andrews.*

*Manning, Fulton and Skinner, by Howard E. Manning, Jr., for defendant appellees.*

*Maupin, Taylor and Ellis, P.A., by G. Palmer Stacy III, for defendant appellees.*

*John A. McAllister, Guardian ad litem for minor defendants and unborn great great nieces and nephews of Alexander B. Andrews and any unknown persons having an interest or claim to the estate of Alexander B. Andrews.*

WEBB, Judge.

We hold that Judge Herring was correct in his judgment and should be affirmed.

The rule against perpetuities has been interpreted many times in North Carolina. *See Springs v. Hopkins*, 171 N.C. 486, 88 S.E. 774 (1916); *Trust Co. v. Williamson*, 228 N.C. 458, 46 S.E. 2d 104 (1947); *Mercer v. Mercer*, 230 N.C. 101, 52 S.E. 2d 229 (1949); *Parker v. Parker*, 252 N.C. 399, 113 S.E. 2d 899 (1960); *Poindexter v. Trust Co.*, 258 N.C. 371, 128 S.E. 2d 867 (1962); and *Palmer v. Ketner*, 29 N.C. App. 187, 223 S.E. 2d 913 (1976). Our interpretation of the rule is based on a reading of these cases and the textbooks cited below.

We believe that the courts of this State have adopted the rule as stated by John Chipman Gray as follows:

> "No interest is good unless it must vest, if at all, not later than twenty one years after some life in being at the creation of the interest." Gray, Rule Against Perpetuities § 201 (4th ed.)

Professor Richard R. Powell in his work, Powell on Real Property, Vol. 5, Chap. 71, has a very good discussion of the rule. He points out that the rule against perpetuities is a product of the struggle to preserve the alienability of property.

Professor Powell quotes the rule as stated by John Chipman Gray and criticizes it as not being accurate. He contends for a different statement of the rule and his contention has been adopted in the Restatement of Property as follows:

> "Thus the rule against perpetuities promotes alienability by destroying future interests which interfere therewith either by eliminating the power of alienation for too long a time or by lessening the probability of alienation for too long a time . . ." Restatement of Property § 370, Comment i (1944)

Applying the rule as articulated in this State or as contended for by the Restatement, we believe the result would be the same in this instance.

[1] We shall construe Mr. Andrews' will only to the extent necessary to decide this case. We believe that if the rights of all income beneficiaries under the trust and the rights of all parties in the corpus after the trust has terminated are vested within the permissible period, the limitation does not violate the rule. Examining first the vesting of rights in income beneficiaries, it is apparent that the brothers, sister, nieces and nephews of Mr. Andrews are persons named in the will and alive at his death. The income shifts between them and to great nieces and great nephews, but at the death of the last sister, brother, niece or nephew, the income interest of all of them will be vested. This much complies with the rule.

As to the great nieces and great nephews who share in the income, this class is complete within twenty-one years of the testator's death. We hold that the right to income is indefeasibly vested to each of them at that time subject to increase as

brothers, sister, nieces and nephews die. None of the parties have asked for any other interpretation as to income beneficiaries and we believe it is the only proper construction. The right to income of the great nieces and great nephews being vested within the lives of sister, brothers, nieces and nephews, all of whom were named in the will and alive at testator's death, plus the twenty-one years from testator's death in which the great nieces and great nephews class can open vests these income beneficiaries' rights within the permissible period. Thus, all income beneficiaries' interests are vested within the permissible period.

[2] Examining the vesting of the corpus of the trust, we believe there are the following two possibilities: (1) Mr. Andrews did not dispose of the corpus after the termination of the trust and it passed at his death by intestate succession to his heirs at law at that time. If this is the proper construction, the corpus vested at Mr. Andrews' death in his heirs at law at the time of his death, with possession postponed until the trust terminates, which does not violate the rule. (2) The will might also be construed to hold that by implication it gives the corpus of the trust to the great nieces and great nephews or to their estates in the proportion of their income interests at the time of the termination of the trust. If the corpus is vested in great nieces and great nephews or their estates at the time their income rights are completely vested, this would be within the permissible period. It would not matter that their possession of the corpus is postponed during the duration of the trust. Man's ingenuity can no doubt conceive of other interpretations of the will which could postpone the vesting of the corpus to a later time. None were suggested in the briefs or in oral argument and we hold that the corpus must vest under the will in one of the above two ways. We hold that both these ways comply with the rule against perpetuities.

The plaintiffs contend that by paragraph six of the will the trust could extend beyond the permissible period in that its duration could be measured by an after born niece or nephew. In light of our holding that all interests must vest within the permissible period, we do not believe the duration of the trust is controlling. For this reason, we do not pass on this contention of the plaintiffs as to the construction of the will.

We are aware that *Mercer v. Mercer, supra,* held that a trust must terminate within the permissible period. In *McQueen v.*

*Trust Co., supra,* the Court distinguished *Mercer* and in *Poindexter v. Trust Co., supra,* we believe that *Mercer* was overruled. Plaintiffs contend that since *Mercer* was the law at a time that the trust under Mr. Andrews' will was being administered, we cannot now rule that the limitation under his will does not violate the rule. We do not accept this argument. Nowhere in either the *McQueen* or *Poindexter* cases do we read that they were to have only prospective effect. We believe they declare the common law of this State as to limitations in instruments now in effect.

In an amendment to its answer, Wachovia Bank & Trust Company, N.A., Successor Trustee under the will, asked for a construction of the will as to the ultimate beneficiaries. The Successor Trustee did not appeal from Judge Herring's ruling dismissing the action, and we do not now make any ruling on this prayer for relief.

Howard E. Manning and William H. Clarkson, Trustees for Our Lady of Lourdes Catholic Church, have pled the statute of limitations, G.S. 1-56, and laches. In light of our opinion in this case, we do not consider these questions.

The judgment of the Superior Court is affirmed.

Judges BRITT and HEDRICK concur.